## Commonwealth ex rel. v. Rahal

*Russell Orcutt*, for plaintiff.

*S. Y. Rossiter*, for defendant.

EVANS, J., December 2, 1942.—Writ of habeas corpus was filed November 17, 1942, in the above-entitled matter by the relator to recover custody of her three-year-old son, Quinton Frederick Rahal, who, according to the petition filed, is restrained of his liberty by the

respondent, Fred L. Rahal, the child's father, in a place unknown to the relator. An answer on the merits was filed by the respondent and also to the effect that the relator and respondent have been separated, and that the minor child is not now in Erie County and was not at the time the action of habeas corpus was commenced. Testimony was taken on the question of jurisdiction, at which time the respondent admitted that on November 6, 1942, he took the child to the home of respondent's parents in Cleveland, Ohio, and that the respondent returned the next day to Erie and proceeded to sever marital relationship with the relator.

Both parties to this action remain residents of this city and county, although no longer living together.

At the time of hearing, counsel for the respondent sought to enter an appearance de bene esse for the purpose of contesting jurisdiction of this court, and objection thereto has been made for the reason that it is now too late to appear de bene esse, an answer to the merits having been previously filed.

In our opinion the attorney for respondent, if he desired to enter this qualified appearance, should have done so by præcipe to the prothonotary indicating that intent. This should then have been followed by a motion to quash or set aside the service raising the question of jurisdiction. We must, and therefore do, hold the appearance to be general in character, but this ruling in no way prejudices the rights of the respondent. Under his contention that this court has not jurisdiction of the "res", to wit, the child, he may raise the question of jurisdiction at any stage of the proceedings, and we therefore consider this as having been done.

The Act of February 18, 1785, 2 Sm. L. 275, provides for the proceeding of habeas corpus in the county within which the person is so committed or detained. This act applies where a person stands committed or detained for a criminal or supposed criminal matter,

and it also extends to all cases where any person not being committed or detained for any criminal or supposed criminal matter shall be confined or restrained of his or her liberty under any color or pretense whatsoever. Proceedings to recover custody of minor children are brought under the provisions of this act, and admittedly so in this case.

It is contended on behalf of the relator that, although the present physical location of the child is beyond the jurisdiction of this court, nevertheless the home of both parents is in Erie County, Pa., which remains therefore the domicile of the minor child, notwithstanding the fact that he is now in Cleveland, Ohio. From this it is argued that the court of domicile has jurisdiction which cannot be circumvented by the tactics used in this case.

We have been unable to find any decisions, and none has been cited, in which this precise point has been decided in Pennsylvania. In other States, however, it has been held that under similar circumstances the court having jurisdiction of the parents also has jurisdiction to determine the right of custody under a writ of habeas corpus.

In People v. New York Juvenile Asylum, 68 N. Y. Supp. 279, the court held: "Section 2015 of the Code of Civil Procedure provides that a person imprisoned or restrained of his liberty "within the state" is entitled to a writ of habeas corpus. That has been extended by the courts, and properly so, to authorize the court to require the release of a person who is not within the state if the defendant to whom the writ is addressed has the power to produce him and subject him to the power of the court."

In People v. Winston, 69 N. Y. Supp. 452, the court held, "but since this court has gained jurisdiction of the father, in whose custody she [the child] is, and who has the power to produce her, the mere fact of her physical residence in another state is no bar to the

exercise by this court of the power which is invoked by this proceeding." See also Rivers v. Mitchell, 10 N. W. 626.

The theory on which jurisdiction is sustained is that the writ is directed to the jailor, and not to the person confined, and the circumstances must show that the minor is yet so much in the custody and· control of the respondent that he would be able to obey the order. If it appears affirmatively that it is physically impossible for him to comply with an order, the writ must be vacated and the petitioner remitted to his remedy in another State: In re Jackson, 15 Mich. 417.

The answer filed does not set forth any facts, nor were any advanced at the time of argument on the question of jurisdiction, from which we can conclude that the respondent has no power to produce the child in this court. It is contended only that possibly the grandparents who now have custody of the child in Cleveland might object to complying with any order made. We believe that situation can be taken care of if and when it arises, and need not be considered now.

The relator and respondent are residents of this city and county, and this court has facilities to conduct an investigation and award custody as the best interests of the minor dictate. Reason and justice prevent our placing the narrow construction on the Act of 1785 sought by respondent.

Inasmuch as we are apparently pioneering on this subject, it will be well to anticipate what might happen and suggest a procedure which will be followed. If, at the time of hearing which will be ordered, the respondent appears and testifies to the fact that he has made a bona fide attempt to secure the return of the child and that custody for the purpose of permitting this court to pass on the merits has been refused him, no final order will be made but the entire matter will be held in suspense for a reasonable length of time within which the relator may proceed in the jurisdiction where

the child is now located. This practice will protect the respondent from attachment or contempt proceedings if he is not at fault and at the same time prevent him from directly or indirectly transporting the child from place to place, thereby preventing the important matter, to wit, the welfare of the child, from being decided on the merits.

And now, to wit, December 2, 1942, the respondent, Fred L. Rahal, is directed to produce his minor child, Quinton Frederick Rahal, in this court Saturday, December 5, 1942, at 10 a.m., and to show cause why the said Quinton Frederick Rahal should not be delivered into the custody of his mother, Helen A. Rahal, the petitioner.

---

NOTE.—An appeal was taken from the foregoing decision, but was subsequently discontinued.