## Commonwealth ex rel. Burke, Appellant, *v.* Burke.

Argued October 7, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Arthur W. A. Cowan,* with him *William R. Pomerantz,* for appellant.

*James W. Brown, Jr.,* with him *Jerome A. O'Neill* and *George D. Kline,* for appellee.

OPINION BY GUNTHER, J., April 17, 1951:

Relatrix has appealed from an order of the court below dismissing her petition for a writ of habeas corpus wherein she sought custody of her three year old son. The court below dismissed the writ on the ground that it lacked jurisdiction.

The child was born out of wedlock on November 18, 1947 to relatrix in Florida. Four days after birth the child was placed with the Children's Aid Society

in Miami, Florida where he remained until six months of age. The child was then placed in a foster home in Miami, Florida until he was one year old and then placed in the Cradle Nursery in Miami, Florida until removed by the father-respondent on February 14, 1950. The parties were married in February, 1948 and lived together in Philadelphia only a short period when they separated—the relatrix moving to Miami, Florida and the respondent remaining in Philadelphia. Up until February 14, 1950, the minor child has never lived with either of the parties in these proceedings. Respondent, on that date, removed the child, from the nursery home in Miami, Florida, and placed him temporarily with relatives in Wilmington, Delaware. The minor was living in Wilmington, Delaware at the time of the hearings in the court below.

Respondent has leased a home in Philadelphia and furnished a room with a view of the child occupying and living in it. At the time of the hearings in the court below, the child had not as yet been brought to Philadelphia to live although he had been brought to Philadelphia on occasional visits. In these circumstances the court below dismissed the petition for a writ of habeas corpus for want of jurisdiction on the ground that the child had been in the custody of his mother; that, neither the mother nor the child were domiciled in Philadelphia.

The initial issue requires a determination of the domicile of the minor child here involved. "A state can exercise through its courts jurisdiction to determine the custody of children . . . only if the domicile of the person placed under custody . . . is within the state." *Restatement, Conflict of Laws*, §117. In *Commonwealth ex rel. Camp v. Camp,* 150 Pa. Superior Ct. 649, 650-651 this Court said: "The accepted rule is that jurisdiction follows either the domicile of the child, (Com. ex rel. v. Eich, 73 Pa. Superior Ct. 268;

State ex rel. Larson v. Larson, 190 Minn. 489, 252 N. W. 329; Restatement, Conflict of Laws, §§145, 146; or the residence of the child. Com. ex rel. Sage v. Sage, 160 Pa. 399, 28 A. 863; Com. ex rel. Rogers v. Daven, 298 Pa. 416, 148 A. 524; In re Minor Children of Rosenthal, 103 Pa. Superior Ct. 27, 157 A. 342." Ordinarily the domicile or legal residence of a minor child is the same as that of the father. But where, as here, the father and mother have been separated and establish different domiciles the child usually takes the domicile of the parent with whom he lives in fact. *Restatement, Conflict of Laws,* §32. The evidence clearly establishes that the child lived in foster homes in Miami, Florida since birth until removed by the father, and to that extent never in fact lived with his mother. There is no evidence that the father abandoned the child. There is evidence that he contributed to the child's support and testimony by the father that on several occasions the mother sought to have the child placed for adoption. In such circumstances the minor acquired the domicile of his father and is necessarily referred to that domicile without regard to the actual facts of his residence. Cf. *Commonwealth ex rel. Rahal v. Rahal,* 48 D & C 568; *Beale, Conflict of Laws,* section 30.1, p. 210; *Restatement, Conflict of Laws,* §§30, 32; *Goodrich, Conflict of Laws,* p. 90. Nor does the fact that the child may be physically outside of Pennsylvania but domiciled here bar the forum of the minor's domicile from making an award of custody. Cf. *Commonwealth ex rel. Teitelbaum v. Teitelbaum,* 160 Pa. Superior Ct. 286, 50 A. 2d 713; *Commonwealth ex rel. Rahal v. Rahal,* supra. See Note, 9 A. L. R. (2d) 442. It follows from what has been said that the domicile of the minor was that of his father in Philadelphia, Pennsylvania and that the court below erred in concluding that it lacked jurisdiction because the child was not physically in Philadelphia.

An examination of the record, also discloses that the appellant, because of her employment with an airline company located in Miami, Florida and her distance from the forum was at a distinct disadvantage concerning the presentation of all of her evidence and that of her witnesses. Four hearings were held by the court below and although wide latitude was permitted the parties in the presentation of testimony, it does appear that appellant's distance from the forum and her responsible position with an air-line company made it most difficult for her to present all of her evidence; nevertheless, jurisdiction is in the court below to decide the question of custody in the best interests of the child.

Order reversed. The writ is reinstated and the record remanded that the court below may receive additional testimony if offered by the parties and decide the question involved on the merits.