## Commonwealth ex rel. Scholtes, Appellant, *v.* Scholtes.

Argued March 27, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Ivan Michaelson Czap,* for appellant.

*Robert A. Detweiler,* for appellee.

OPINION BY ERVIN, J., June 11, 1958:

The relatrix, Maryann Scholtes, appeals from the order of the court below quashing a writ of habeas corpus for the custody of her daughter, Marybette

Scholtes, for lack of jurisdiction of the subject matter.

The parties were married on September 4, 1954 and Marybette was born in Camden, New Jersey, on November 8, 1955. From the time of their marriage until their separation on January 26, 1957, the parties lived together in Camden, New Jersey, at the home of the respondent's parents. Both parties worked in the same plant in Philadelphia, Pennsylvania, both before and after their marriage. After the separation on January 26, 1957 the relatrix moved to Philadelphia and the child remained with the respondent and his mother in Camden. At the time of the separation the parties entered into a written agreement, dated January 25, 1957, prepared by an attorney procured by respondent's mother, giving custody of the child to the respondent, with visitation rights to the relatrix. In May 1957, when she had the child for a visit, the relatrix brought the child to her home in Philadelphia. On June 18, 1957 the father, Charles Scholtes, filed a petition in the court below for a writ of habeas corpus and a hearing was scheduled for August 25, 1957, at which the father did not appear. On August 18, 1957 the father, forcibly and against the will of the mother, removed the child from her custody and took her back to Camden, New Jersey. A hearing was then fixed for September 11, 1957. In the meantime the father wrote a letter to the court below stating that he had the baby and to withdraw his petition. The father did not appear at the hearing scheduled for September 11, 1957 and the court below made this entry on the father's petition: "Withdrawn, request of petitioner. See letter. MILLEN, J." The mother appeared in court on September 11, 1957 and learned of the ex parte withdrawal of the father's petition. On September 12, 1957 the mother presented a petition for a writ of habeas corpus and

the writ which was issued thereon was personally served upon the father in Philadelphia. Hearing on the mother's petition was held on October 9, 1957. The father did not bring the child to court for this hearing but assured the court that the child could and would be produced either on that day or at any subsequent time that the court desired. On November 18, 1957 the court below filed a written order quashing the mother's writ for want of jurisdiction and no hearing was ever held on the merits.

The mother's petition for writ of habeas corpus, while a separate proceeding, was in effect a continuation of the proceedings instituted by the father. His ex parte letter following forcible removal of the child could be no basis for terminating the court's authority and duty to proceed with the action instituted by the father. A court should not permit a party to short-circuit a legitimate proceeding by removing the subject matter of the litigation from the jurisdiction of the court properly acquired. Our courts may not relieve themselves of the duty of deciding questions regarding the custody of children who are in the care of Pennsylvania citizens by requiring them to go elsewhere to litigate the matter. *Com. ex rel. Sage v. Sage,* 160 Pa. 399, 28 A. 863. Parents of children, by agreement between them, cannot nullify an order nor oust the jurisdiction of a court in custody proceedings: *Com. ex rel. Teitelbaum v. Teitelbaum,* 160 Pa. Superior Ct. 286, 289, 50 A. 2d 713. The accepted rule is that jurisdiction follows either the domicile of the child or the residence of the child: *Com. ex rel. v. Daven,* 298 Pa. 416, 148 A. 524; *Com. ex rel. Graham v. Graham,* 367 Pa. 553, 559, 80 A. 2d 829; *In re Minor Children of Rosenthal,* 103 Pa. Superior Ct. 27, 157 A. 342; *Com. ex rel. Camp v. Camp,* 150 Pa. Superior Ct. 649, 650, 651, 29 A. 2d 363; *Com.*

*ex rel. Freed v. Freed,* 172 Pa. Superior Ct. 276, 280, 93 A. 2d 863.

The mere presence of the child here is sufficient to give the court jurisdiction. In *Com. ex rel. Graham v. Graham,* supra, at page 560, the late Mr. Justice CHIDSEY summarized the law as follows: "Residence within this Commonwealth is sufficient for exercise of jurisdiction by our courts: . . . ." In *Finlay v. Finlay,* 240 N. Y. 429, 148 N.E. 624, 40 A.L.R. 937, Mr. Justice CARDOZO stated the reason for the rule as follows: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. [Citations omitted] For this, the residence of the child suffices, though the domicile be elsewhere."

The taking of the child out of the jurisdiction by the father after the institution of his suit should not be permitted to affect the result. He might have been proceeded against for contempt of court but jurisdiction, having been properly invoked, continues. While the matter was not considered by the court below on the merits, the father's conduct in removing the child, while not controlling, throws light on his fitness to have custody. *Com. ex rel. Lewis v. Tracy,* 155 Pa. Superior Ct. 257, 38 A. 2d 405. It has also been held that the court having jurisdiction of the parents also has jurisdiction to determine the right of custody under a writ of habeas corpus: *People v. N. Y. Juvenile Asylum,* 68 N. Y. Supp. 279; *People v. Winston,* 69 N. Y. Supp. 452; *Com. ex rel. v. Rahal,* 48 Pa. D. & C. 568, 570.

Order reversed. The proceedings are remanded to the court below for further hearing.