## Swigart v. Swigart, Appellant.

Argued June 13, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*I. Newton Taylor,* for appellant.

*Morris M. Terrizzi,* for appellee.

OPINION BY ERVIN, J., September 16, 1960:

The defendant, Shelley Sanborn Swigart, appeals from an order of the court below dismissing his preliminary objections in which the only question raised was the jurisdiction of the Common Pleas Court of Huntingdon County to hear this custody proceeding for his minor children.

The parties filed a stipulation containing the following facts:

"1. The domicile of Shelly Sanborn Swigart is and has been in the Borough of Alexandria, Huntingdon County, Pennsylvania, since November 25, 1920, and he never acquired a domicile elsewhere.

"2. The residence of Shelly Sanborn Swigart is and has been in the Borough of Alexandria, Huntingdon County, Pennsylvania, since November 25, 1920.

"3. On October 9, 1958 Shelley Sanborn Swigart filed his Complaint in Divorce to No. 18 December Term, 1958 in the Court of Common Pleas of Huntingdon County, Pennsylvania, and the taking of testimony was commenced in the divorce proceeding on May 21, 1959. The final hearing in divorce was May 23, 1959. No final decree has been entered in the divorce proceeding which is pending before the court.

"4. Since the marriage of the parties Mr. Swigart has temporarily resided in various countries as a result of his employment. In August of 1948 while in

Shanghai, China, Mr. Swigart was employed by International General Electric Company and his employment with this company has been continuous since that date with the exception of the period from October, 1951 until June of 1952.

"5. Since the year 1956 Mr. Swigart has been living in Brazil in connection with his employment, returning to the United States on a few occasions since that date. Stephen Swigart and Susan Swigart, minor children of La Yi Tong Swigart, wife, and Shelley Sanborn Swigart, husband, lived in Sao Paulo, Brazil, with Mr. and Mrs. Swigart until February 27, 1957. Since February 27, 1957 the minor children have lived with their father in Sao Paulo, Brazil, and are living there at the present time."

"6. On May 23, 1959, a rule to show cause why a writ of habeas corpus to determine the right of custody of the minor children should not issue was served on Shelley Sanborn Swigart in Huntingdon, Huntingdon County, Pennsylvania, on which date the minor children of the parties were in Sao Paulo, Brazil."

The record establishes that since November 25, 1920, defendant has had his domicile and residence in the Borough of Alexandria, Huntingdon County, Pennsylvania. From 1956 until February 27, 1957 the minor children lived with both parents in Sao Paulo, Brazil, and thereafter they lived there with their father. Appellant argues that because of the Act of May 25, 1951, P.L. 415, §1, 12 PS §1901, the court below lacked jurisdiction in a custody preceeding because the children were physically outside of Pennsylvania.

This argument was properly answered by President Judge SWIRLES L. HIMES as follows: "Under the provisions of Section 1 of the Act of February 18, 1785, 2 Sm. L. 275, 12 P.S. 1871, relating to persons detained for supposed criminal matter, the provisions of which

were extended by Section 13 (12 P.S. 1888) to persons detained for non-criminal matter, the writ of habeas corpus was authorized to be issued by '. . . the president judge of the court of common pleas of the county within which such person is so committed or detained.' In construing the Act of 1785, our courts have held that where the domicile of a father who has custody of and power to produce a child is within the county, the common pleas court of that county has jurisdiction of a custody proceeding, although the child is physically outside the county and the Commonwealth. See Commonwealth ex rel. v. Rahal, 48 Pa. D. & C. 568 (C.P. Erie County, 1943), cited with approval in Commonwealth ex rel. Burke v. Burke, 168 Pa. Superior Ct. 578, 80 A. 2d 87 (1951). The accepted rule in Pennsylvania is that jurisdiction in custody cases instituted by habeas corpus follows either the domicile of the minor children or the residence of the children, and the domicile of a child is that of the parent having custody. Commonwealth ex rel. Burke v. Burke, supra. In the latter case, Judge GUNTHER stated, 'Nor does the fact that the child may be physically outside of Pennsylvania but domiciled here bar the forum of the minor's domicile from making an award of custody. Cf. Commonwealth ex rel. Teitelbaum v. Teitelbaum, 160 Pa. Superior Ct. 268, 50 A. 2d 713.'

"There is no indication that the Legislature intended that the courts should place any different or more narrow construction upon the language concerning jurisdiction used in the Act of 1951 than had already been given to the Act of 1785. If the Legislature had intended to withdraw from the jurisdiction of the courts all custody cases where children are not physically within the county at the time of the issuance of the writ, even though the parents have their domicile

and permanent residence therein, it is believed that the Legislature would have so stated clearly and explicitly, especially in view of the judicial interpretation given to the language of the Act of 1785 prior to the enactment of the Act of 1951.

"In People v. New York Juvenile Asylum, 68 N.Y. Supp. 279, cited with approval in the Rahal case and also by Judge ERVIN in Commonwealth ex rel. Scholtes v. Scholtes, 187 Pa. Superior Ct. 22, at page 26 (1958), the court held: 'Section 2015 of the Code of Civil Procedure provides that a person imprisoned or restrained of his liberty "within the state" is entitled to a writ of habeas corpus. That has been extended by the courts, and properly so, to authorize the court to require the release of a person who is not within the state if the defendant to whom the writ is addressed has the power to produce him and subject him to the power of the court.'

"In People v. Winston, 69 N.Y.S. 452, likewise cited with approval in the Rahal case and by Judge ERVIN in the Scholtes case, supra, the court stated, '. . . but since this court has gained jurisdiction of the father, in whose custody she (the child) is, and who has the power to produce her, the mere fact of her physical residence in another state is no bar to the exercise by this court of the power which is invoked by this proceeding.' "

The defendant's contention that the above stated principles apply only to custody cases instituted in the Municipal Court of Philadelphia is untenable.

Order affirmed.