Irizarry Appeal.

Argued December 12, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Charles E. Rankin*, with him *Rankin & Rankin*, for appellant.

*Mauro L. Ciccarelli*, for appellee.

OPINION BY WATKINS, J., April 13, 1961:

The question involved in this appeal arose out of a petition by the mother-appellee seeking custody of her two sons. Preliminary objections were filed by counsel for the father, who entered a special appearance for the purpose of challenging the jurisdiction of the court on the theory that full faith and credit must be given to the decree of custody already in existence in Puerto Rico. The Court of Common Pleas of Delaware County determined it had jurisdiction and dis-

missed the preliminary objections. This appeal followed.

The appellee then filed a motion to quash the appeal on the ground that it was interlocutory. The question of jurisdiction of the subject matter of this appeal is properly before us and the petition to quash is dismissed.

The contention of the appellant is that the court below does not have jurisdiction of this custody matter because it is bound to give full faith and credit to the custody decree of Puerto Rico and further, that the court does not have jurisdiction of the children because they are not residents of Pennsylvania but are here only for a temporary visit.

The facts that are pertinent to the jurisdictional discussion are as follows: Dr. Luis Oscar Irizarry, the appellant father, and Isabel Irizarry Armour, the appellee-mother, were lifelong residents of Puerto Rico until their divorce on August 7, 1957. In the same action, the Superior Court of Puerto Rico awarded custody of the two boys, Luis and Carlos, aged at the time of this hearing, ten and nine respectively, to the father. The mother remarried in November 1958 and now lives with her present husband, George P. Armour, Esq., in Wayne, Delaware County, Pennsylvania. Dr. Irizarry remarried in the fall of 1959, continued to live in Puerto Rico, and the children continued to live with him until they left for their present visit to Pennsylvania.

The children had made two visits to their mother's home prior to this visit. The appellant sent the children, accompanied by two of his sisters, for a visit with the appellee in her home in Delaware County, Pennsylvania, for a period to begin July 13, 1960 and end August 3, 1960. On July 26, 1960, the present petition for custody was filed and the jurisdictional question raised.

The court below held that: "It has been held uniformly that a decree or order of a court involving the custody of minor children is never a 'permanent' adjudication of the court; and therefore, when conditions have changed after such an order is made, the court in which the children reside at such a time has the right and jurisdictional authority to make a new original order based upon such changed circumstances as appear by proper proof. The result of such action is in this sense an 'original' order and not a modification of a previous decree of a court in another jurisdiction. Such action does not violate the constitutional provisions of 'giving full faith and credit to the decrees of courts of other jurisdictions.' . . . It has been uniformly held that the Commonwealth is an interested party in matters involving the custody of infants found within its territory."

"Jurisdiction of a court in a proceeding involving custody is determined by the domicile or residence of the child." *Com. ex rel. Graham v. Graham,* 367 Pa. 553, 80 A. 2d 829 (1951). "The majority rule in the United States is that a decree of a proper court awarding the custody of a child is conclusive of the status of the child and therefore will be enforced in other states. The award is conclusive only of the status of the child and the parent at the time; it may be altered for reasons arising subsequent to the decree. The child must, however, be within the jurisdiction of the decree-granting state; otherwise the state is without power to determine its status." Freedman, Law of Marriage and Divorce, §793.

Restatement, Conflict of Laws, §148. "In any state into which the child comes, upon proof that the custodian of the child is unfit to have control of the child, the child may be taken from him and given while in the state to another person." Section 147 of the Restatement, Conflict of Laws, holds: "Except as

stated in §148 (supra) when the custody of a child has been awarded by the proper court to either parent the decree will be enforced in other states." So it appears that the law in Pennsylvania is clear that full faith and credit must be given to the decree of custody of a sister state so far as it determines the status of the child at the time it was issued, but, if the Pennsylvania Court has jurisdiction, it may, because of the interest of the Commonwealth in the child, and because the welfare of the child is a paramount consideration, and because decrees of custody are temporary in nature and subject to modification by changing conditions, determine custody on the present facts and may even exercise its independent judgment on the same facts that determined the foreign state's order. *Com. ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437 (1953) ; *Com. ex rel. Graham v. Graham,* 367 Pa. 553, 80 A. 2d 829 (1951) ; *Com. ex rel. v. Daven,* 298 Pa. 416, 148 A. 524 (1930) ; *Com. ex rel. Scholtes v. Scholtes,* 187 Pa. Superior Ct. 22, 142 A. 2d 345 (1958) ; *Com. ex rel. Gregory v. Gregory,* 188 Pa. Superior Ct. 350, 146 A. 2d 624 (1958) ; *Com. ex rel. Swigart v. Swigart,* 193 Pa. Superior Ct. 174, 163 A. 2d 716 (1960).

If the court has jurisdiction it is because the two boys are residents of Delaware County. It is true that the action was brought by the mother on July 26, 1960, just thirteen days after they arrived for a visit with the consent of the custodial parent. However, the law is well settled in Pennsylvania that jurisdiction in custody cases follows either the domicile of the minor children or their residence and the domicile of the children is that of the parent having custody. *Com. ex rel. Burke v. Burke,* 168 Pa. Superior Ct. 578, 80 A. 2d 87 (1951) ; *Com. ex rel. Teitelbaum v. Teitelbaum,* 160 Pa. Superior Ct. 286, 50 A. 2d 713 (1947) ; *Com. ex rel. Swigart v. Swigart,* supra.

In *Lesker Case,* 377 Pa. 411, 105 A. 2d 376 (1954), at p. 418, the Supreme Court said: "It seems impossible to restrict the terms habitation, residence and domicile to airtight, waterproof compartments. . . . However, in strict technical terminology, a habitation may be defined as an abode for the moment, residence a tarrying place for some specific purpose of business or pleasure, and domicile the fixed, permanent, final home to which one always intends to return."

Restatement, Conflict of Laws, §148, supra, says that jurisdiction will lie, "In any state into which the child comes, . . ." Residence being sufficient for jurisdiction and residence being a tarrying place for some specific purpose of business or pleasure, the courts of Pennsylvania have held that the mere presence of the children within the jurisdiction of the court, even for the thirteen day visit with their mother, is sufficient. *Com. ex rel. Graham v. Graham,* supra.

As counsel for the appellee readily admits, "the children were sent voluntarily to their mother's home in Pennsylvania by their father. She asked for them to come and he sent them. He was not carrying out the orders of any prior court order or decree." Her intent at the time she requested the visit and the manner by which she obtained possession of the children so that the jurisdictional requirements of Pennsylvania have been met, must be taken into consideration insofar as her good faith may have a bearing upon her fitness to be awarded their custody. *Com. ex rel. v. Daven,* supra.

There is merit in the contention of the appellant that the extension of the rule in the *Schofield* case may well invite cases of legalized abduction and may result in the inclusion in custody orders of injunctive restriction on visitation.

And too, what was said in 4 A.L.R. 2d 7, at pg. 15: "Generally where a court of a state is passing upon its own jurisdiction to award custody of a child that is physically present, though domiciled elsewhere, it is likely to be motivated by the doctrine of parens patriae and to proceed to decide for itself what is for the best interests of the child, and if there is in existence a valid judgment of another state awarding such custody, to give at least lip service to the binding effect thereof by limiting the court's consideration of the merits to conditions which have changed since that foreign judgment was rendered—all too frequently such changed conditions being found to exist in favor of a local citizen", is especially pertinent here, where one of the interested parties, the husband of the petitioner, is an attorney-at-law and as such an officer of the court. The hearing on the merits should be conducted with the above comments in mind.

Order affirmed and remanded for the purpose of a full hearing on the merits.

WRIGHT, J., would quash the appeal.

MONTGOMERY, J., dissents.