**Commonwealth ex rel. Colon v. Colon**

*Robert L. Campbell* and *Fred C. Houston,* for plaintiff.

*Sidney E. Rosenblum,* for defendant.

TAMILIA, J., May 22, 1970.—This case involves an action for custody of Angel Antonio Colon, two and one-half years of age, brought by the mother, Helena Colon, against her husband, Angelo Colon, the father of the child.

Following the separation of plaintiff and defendant in September 1969, plaintiff initiated an action of divorce against defendant on November 5, 1969, in Allegheny County at the above term and number. Since defendant moved to Bayamon, Puerto Rico, on October 28, 1969, taking the child with him, service of the complaint in divorce was made upon defendant pursuant to Pa. R. C. P. rule 1124(a)(3)(b) by sending a copy of the complaint to him by registered mail. A return receipt, signed by defendant, is filed of record.

Subsequently, pursuant to the Act of December 30, 1959, P. L. 2055, sec. 1, on December 29, 1969, plaintiff amended her complaint in divorce to include an allegation demanding an award of custody of their son, Angel Antonio Colon, to her. Service of the amended complaint was made upon defendant in Bayamon, Puerto Rico, by registered mail, pursuant to rule 1124(a)(3)(b), and a return receipt, signed by defendant, was made part of the record.

On January 22, 1970, plaintiff filed a petition for appointment of master to hear the divorce and custody testimony. On February 9, 1970, defendant's counsel filed preliminary objections to plaintiff's amended complaint. Plaintiff acknowledged that a master could not be empowered to hear testimony concerning custody because of the prohibition stated by the Act of

December 30, 1959, P. L. 2055, sec. 3, 23 PS §36. A consent order was entered empowering the master to proceed with testimony on the divorce matter but prohibiting any testimony to be taken on the custody allegation of the complaint.

Plaintiff, however, maintains that the court should exercise jurisdiction in the custody matter and proceed to a hearing and adjudication on the merits of the case. Defendant maintains the court has no jurisdiction in this case to make a custody determination and, through his preliminary objections, is requesting dismissal of the demand for custody.

Two issues are present in this case which the court will herein attempt to resolve. The first may be stated as follows:

When the parents have separated and prior to any legal action the father has taken the child from the mother's residence and established a residence with the child in a foreign jurisdiction, does the Family Division of the Court of Common Pleas have jurisdiction in an action for custody of the child?

Since this matter is being disposed of from the pleadings, motions and issues raised in the briefs of the parties, without testimony or depositions, it must be taken as admitted, since defendant's answer was not denied, that defendant is a resident of Bayamon, Puerto Rico, which he considers his residence and domicile. Applying the settled principles of law in regard to custody matters, it is evident that this court has no jurisdiction to determine custody in this case based upon the circumstances existing prior to the institution of this action by plaintiff.

Ordinarily, the domicile of a minor child is the same as that of his father, but if his father and mother have been separated and have established different domiciles, the child usually takes the domicile of the parent with whom he lives in fact: Commonwealth

ex rel. Burke v. Burke (1951), 168 Pa. Superior Ct. 578. It is plaintiff's contention that since the child remained with her for one month, more or less, after the separation and before the father removed him to Puerto Rico, the domicile of the child was established by her in Allegheny County, which confers jurisdiction on this court to determine this matter. The nature of custody actions is such that wide latitude is given in exercising jurisdiction, but in all instances a reasonable tie between the court, the parent and the child must exist if this proceeding is to have recognizable legal validity. While the child need not be within the limits of the jurisdiction of the court to permit an exercise of judicial authority in relation to the child, the least requirement of the law is that the parent who has control over the child must be within the court's jurisdiction: Swigart v. Swigart, 193 Pa. Superior Ct. 174 (1960); Commonwealth ex rel. v. Rahal, 48 D. & C. 568. The majority rule in the United States, specifically in Pennsylvania, is that jurisdiction in custody actions follows either the domicile of the minor children or their residence, and the domicile of the children is that of the parent having custody: Commonwealth ex rel. Mason v. Mason, 213 Pa. Superior Ct. 433. Here, the mother had custody and control for a brief period, in effect, de facto custody, which has now reverted to the father, who has an equal right to such custody until a de jure determination has been made through the courts. Neither parent can convert past temporary physical control of the child into an inalienable right, as against the other, to confer jurisdiction upon the court, when no other jurisdictional basis exists. To impose jurisdiction, plaintiff had the power *while the child was in her control* to petition the court to fix legal custody in her, which she failed to do. See In re Rosenthal, 103 Pa. Superior Ct. 27. Since the child is now with the

father, and is neither residing with the mother nor domiciled with her, jurisdiction in this case will not now attach when appropriate legal action was not instituted during the child's presence or that of the father in this jurisdiction. In the strict legal sense, habitation may be defined as an abode for the moment, residence a tarrying place for some specific purpose of business or pleasure, and domicile the fixed, permanent, final home to which one always intends to return: Lesker Case, 377 Pa. 411 (1954). None of these appears to apply to Angel or Angelo Colon, and the court has no basis upon which to entertain this action.

The second issue in this case may be stated thusly:

Does the Act of December 30, 1959, P. L. 2055, amending section 15 of The Divorce Law of May 2, 1929, P. L. 1237, as amended, which permits the Allegheny County Common Pleas Court to hear in a divorce action matters relating to the custody of children, extend the jurisdiction of said court to parties and children neither present in, nor residents or domiciliaries of the County of Allegheny when they have been subjected to the jurisdiction of the court by registered mail service?

The question is posed by plaintiff's attempt through an amendment in her divorce action to establish the jurisdiction of the court to determine the custody matter. By the amendment of the divorce complaint on December 29, 1969, to include a demand for custody, plaintiff seeks to bring defendant and child, now outside Allegheny County, within the ambit of the court's jurisdiction by virtue of the Act of 1959. We do not believe that the Act of 1959 can extend the jurisdiction of this court beyond its boundaries unless jurisdiction has attached, or the child and the parent having custody are residents or domiciliaries of the county as stated above. It, therefore, follows that a

legislative provision, which provides for a consolidation of family actions and permits all such matters involving one family to be heard together, is procedural only and does not enlarge the substantive or jurisdictional elements of the action. The confusion suffered by plaintiff is understandable in that the Act of 1959 provides, as did the prior acts, for service by registered mail according to the Pennsylvania Rules of Civil Procedure. Rule 1124(a)(3)(b) provides that the complaint in an action of divorce or for annulment may be served, by the plaintiff outside the Commonwealth, by (b) sending defendant a copy by registered mail. This, however, was not intended in any way to abridge the right of defendant to notice by personal service. Rule 1124(e) provides that:

"A complaint which includes one or more other matters, which may by Act of Assembly be joined with an action of divorce or annulment, shall as to each other matter, be served in the manner required when a separate action is brought upon such matter, before the court may proceed to determine such matter in the action for divorce or annulment."

The rules regarding proceedings, hearings or service in child custody matters are those provided for by the legislature in habeas corpus proceedings. Under the Act of February 18, 1785, 2 Sm. L. 275, sec. 1, 12 PS §1871, §1, et seq., service must be made upon the official or person detaining the subject of the writ, and only within the State of Pennsylvania may the court direct a different manner of service: Act of May 25, 1951, P. L. 415, sec. 4, 12 PS §1904. By the Act of February 18, 1785, 2 Sm. L. 275, sec. 13, all the provisions relating to detention of criminals are applicable to habeas corpus actions relating to non-criminals. Thus, it is readily evident that jurisdiction in this custody action could not be acquired by joining

it in a complaint for divorce and making service of the amended complaint by registered mail. If such was the intent of the legislature, it would have been in serious conflict with long-stated principles of the law of custody here and throughout the United States. The majority rule in the United States is that a decree of a proper court awarding custody is conclusive only of the status of the child and parent at the time. *The child must,* however, be within the jurisdiction of the decree-granting State; otherwise, the State is without power to determine the status: Freedman, Law of Marriage and Divorce, §793. A similar result to that we have reached here was decided by Shughart, J., in Leddy v. Leddy, 15 Cumb. 111.

A question raised by defendant as to the practice of the court in holding separate hearings for custody and divorce matters, joined in a single complaint, is not relevant to our consideration here. If the court could reach into another jurisdiction, by means of registered mail service, to determine the custody rights under the facts of this case, there is nothing to prevent the court from severing the divorce and custody matters to have them determined in separate proceedings.

## ORDER

And now, May 22, 1970, for the reasons herein contained in the above memorandum, it is ordered and decreed that the preliminary objections filed by defendant to the jurisdiction of the court to hear the custody matter concerning the child, Angel Colon, are hereby sustained, without prejudice to plaintiff for the production by testimony or deposition evidence of domicile or residence of defendant in this jurisdiction. Further, be it ordered, adjudged and decreed that this memorandum and order are in no way an adjudication on the merits of the custody matter as they may be considered in a proper forum.