Coombs, Appellant, *v.* Coombs.

Argued September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Benjamin Paul,* for appellant.

*I. Raymond Kremer,* for appellee.

OPINION BY WATKINS, J., April 12, 1973:

In this case, the wife-plaintiff, Virginia A. Coombs, filed a petition and rule to show cause against her hus-

band, the appellee, Richard Montieth Coombs, to obtain custody of their three children. At the time of the hearing, all children were under ten years of age. The husband-appellee specially appeared by counsel and attacked the jurisdiction of the court and alleged improper service. By agreement of all concerned, the hearing was restricted to these issues.

At the time the husband and wife were having marital difficulties and were separated but not divorced and there was no existing court order determining custody. The three children had been living with the mother in Delaware County under an alleged oral agreement between the parties giving custody to the mother and visitation rights to the father. At the hearing, counsel for the father denied any such agreement existed and there is no evidence except the testimony of the mother.

The father prior to the separation lived for a time in Delaware County. The couple had lived in Hawaii, Massachusetts and Maryland before coming to Pennsylvania.

On April 29, 1972, the father took the three children to Florida with him. On May 14, 1972, the mother went to Florida with a private detective and removed the children back to Pennsylvania. On May 23, 1972, the father removed the two older children from school in Delaware County and they are with him presently at an unknown address. Both parties admitted that the children are residing with their father.

The youngest child at the time of the hearing was residing with the mother so that so far as this proceeding relates to the child, the matter is moot. Habeas corpus is not the appropriate remedy to obtain custody of a child who is already in the possession of the petitioner. There are appropriate remedies to obtain an order to translate such possession to legal custody. *In re*: *Minor Children of Rosenthal,* 103 Pa. Superior Ct. 27, 157 A. 342 (1931).

At the time of the hearing, neither the husband nor the two children were in Pennsylvania. Although the petition alleges that they were under the jurisdiction of the court at the time of the filing of the petition, the wife admitted at the hearing that her husband left the state with the children on April 29, 1972, and was out of the state at the time that the proceedings were brought.

The law is clear that in order to obtain jurisdiction under this matter, the children must be either physically present in the state, reside in the state, or be domiciled here. Naturally, the child takes the domicile of his or her parents, but if the parents are separated, the child takes the domicile of the parent with whom he lives. *Commonwealth ex rel. Burke v. Burke,* 168 Pa. Superior Ct. 578, 80 A. 2d 87 (1951).

The wife claimed that the children live with her even though they are temporarily absent because of the father's alleged abduction of them. *Commonwealth ex rel. Rahal v. Rahal,* 48 Pa. D. & C. 568 (1942). The trouble with this, however, is that there is no court order as to custody. It is difficult, without an order, to find domicile with the mother as the court just as easily could have found it to be with the father who is in another jurisdiction with the children.

In *Commonwealth ex rel. Scholtes v. Scholtes,* 187 Pa. Superior Ct. 22, 142 A. 2d 345 (1958), it was held that a court should not permit a party to short circuit a legitimate proceeding by removing the subject matter of the litigation from the jurisdiction of the court properly acquired. But in this case, that court had acquired jurisdiction first and then the child was removed from the jurisdiction.

In *Reilly v. Reilly,* 219 Pa. Superior Ct. 85, 280 A. 2d 639 (1971), this Court held that an eleven year old boy was not domiciled in Blair County at the time of the filing of the habeas corpus petition and the father,

who allegedly had unlawful custody of the child was the only one who could produce him did not live in Blair County. The Court was without jurisdiction to hear the matter and determine custody and the fact that the father had obtained control of the child by a trick was of no importance.

In *Commonwealth ex rel. Colon v. Colon*, 50 Pa. D. & C. 2d 37 (1970) it was held that the Family Division of the Court of Common Pleas of Allegheny County had no jurisdiction in an action for custody of a child residing in a foreign jurisdiction with the father, who after separation from the mother, but prior to any legal action took the child with him to a foreign jurisdiction.

In *Swigart v. Swigart*, 193 Pa. Superior Ct. 174, 163 A. 2d 716 (1960), the rule that presence of either spouse who has control of the children themselves is essential to the court in order to obtain the required jurisdiction, was affirmed. However, in that case, jurisdiction was held to have been obtained since the husband was domiciled and had permanent residence in Pennsylvania and was personally served here. At the time the proceeding was brought, the children were residing with him in Brazil, but he was served while he was in Pennsylvania. The court held that although the physical residence of the children was in another state, this was no bar to the exercise of jurisdiction when the parent was properly served who had the power to produce the children.

However, here not only were the husband and the children residing out of state at the time of the proceedings, but the background presented at the hearing, as found by the court below, did not prove that the husband was domiciled and permanently resided in Pennsylvania prior to living in Florida. As the court below said: "Having determined that this Court did not have jurisdiction at the time these proceedings were com-

menced, we must next determine whether or not we somehow obtained jurisdiction due to the fact that from May 15, 1972 to May 23, 1972 (a period *after* the Custody Petition was filed), the children resided here in Pennsylvania. No authority has been presented in support of this proposition and we are of the opinion that this does not alter the situation. Both at the time these proceedings were brought and at the time testimony was taken before the Court the evidence clearly indicated that neither the husband nor the children were present in the Commonwealth of Pennsylvania. We therefore determine that we have no jurisdiction to hear this case."

Although the court below determined that it had no jurisdiction of the subject matter of the writ, the question of proper service on the father was also met. The order of the court required that service be made on the husband either personally or by certified mail. Implicit in the order was the fact that service to be effective was to be made in Pennsylvania. The record shows that he was served personally in Tampa, Florida. This was improper service. 12 P.S. 1904.

The court below found service improper but considered the jurisdictional question so that if it found jurisdiction to exist the wife would have the opportunity to possibly cure the service. We agree with the comment of the court below as follows: "Although the Court has dismissed this action, it did so reluctantly. The best interest of children are never served as a result of the activities which existed in this case. The children need a stable environment and if the parties persist in the conduct which has existed to date, the children will be the losers in the long run. As indicated, however, the lack of any sufficient authority for assuming jurisdiction prevented this Court from hearing the matter

on the merits and we, therefore, entered an appropriate Order on May 26, 1972, dismissing the proceedings."

Order affirmed.

---

CONCURRING AND DISSENTING OPINION BY JACOBS, J.:

I agree with the lower court holding that it did not have jurisdiction in this habeas corpus proceeding so far as it pertained to the two older children who were living with their father outside Pennsylvania. However, I disagree with the lower court's disposition of the proceeding in regard to the youngest child who was residing with the mother-petitioner at the time of the hearing. It held that the matter was moot and that habeas corpus was not the appropriate remedy to obtain custody of a child already in the possession of the petitioner, citing In re: Minor Children of Rosenthal, 103 Pa. Superior Ct. 27, 157 A. 342 (1931).

The mere fact that the mother had possession of the child did not make the problem academic. The problem was one of legal custody, not physical possession. In view of the prior action of the father in taking the children, the mother had a real interest in having her custody confirmed. While it is technically true that habeas corpus does not lie on behalf of one who already has possession, Rosenthal, supra, points out that there are appropriate remedies to translate possession into custody. In the spirit of Pa. R.C.P. 126, I would have disregarded this error of procedure and determined the custody of the youngest child. See Irizarry Appeal, 195 Pa. Superior Ct. 104, 169 A.2d 307, allocatur refused, 195 Pa. Superior Ct. xxv, cert. denied, 368 U.S. 928 (1961), in which we held that the lower court had jurisdiction to hear a habeas corpus case where the children were in the possession of the petitioning mother in Pennsylvania and the father lived in Puerto Rico.

HOFFMAN, J., joins in this concurring and dissenting opinion.