384 A.2d 1261

**Kimberly A. LIGGITT, Appellee,**

v.

**Gary L. LIGGITT, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 12, 1977.

Decided April 13, 1978.

128

John J. Dean, with him John J. Hickton, Pittsburgh, for appellant.

Russell F. D'Aiello, Jr., with him John E. Rydesky, Emporium, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

The sole issue in this case is whether the Court of Common Pleas of Cameron County had jurisdiction and venue to determine custody of a minor child when the child's parents both resided in Cameron County but the child herself resided in Washington County with her paternal grandparents.[1] The court below determined that jurisdiction and venue in Cameron County were proper. We agree and, accordingly, affirm.

The facts of the case are not in dispute. Appellant Gary L. Liggitt and Appellee Kimberly A. Liggitt are the parents of one child, Rebecca Lynne Liggitt. The Liggitts separated in July, 1976, and were divorced in April, 1977, by a decree of the Cameron County Court of Common Pleas. The parties agreed between themselves that Mrs. Liggitt would have custody of Rebecca; prior to April, 1977, there had been no formal adjudication concerning the custody of the child.

On March 25, 1977, appellant Gary Liggitt, with appellee's consent, took the child from Cameron County to the home of his parents in Washington County. Since that date, the child has resided with her paternal grandparents and has not returned to Cameron County. The father has continued to live in Cameron County.

On April 4, 1977, appellee filed a petition for writ of habeas corpus seeking the return of the child to her custody. The lower court entered a preliminary order directing appellant to surrender the child and granting custody to the mother. On April 10, appellant filed preliminary objections to the petition alleging that the court did not have jurisdiction and venue over the child and, therefore, could not enter

1. We have jurisdiction over this case pursuant to the Appellate Court Jurisdiction Act and the Act of 1925. The Act of July 31, 1970, P.L. 673, No. 223, art. III, § 302, 17 P.S. § 211.302; the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672.

130 ■■■■■■■■■■■■

the custody order. The court dismissed appellant's preliminary objections and this appeal followed.[2]

■■■■ Our courts have long held that jurisdiction in child custody matters follows the domicile or residence of a child; when a child's parents are divorced the child's domicile is that of the parent with whom he or she in fact lives. *Reilly v. Reilly,* 219 Pa.Super. 85, 87, 280 A.2d 639, 640 (1971); *Irizarry Appeal,* 195 Pa.Super. 104, 108, 169 A.2d 307, 309 (1961), *cert. denied,* 368 U.S. 928, 82 S.Ct. 363, 7 L.Ed.2d 191 (1961); *Commonwealth ex rel. Burke v. Burke,* 168 Pa.Super. 578, 580–81, 80 A.2d 87, 88 (1951); *Commonwealth ex rel. Camp v. Camp,* 150 Pa.Super. 649, 650–51, 29 A.2d 363, 364 (1942). By statute, any common pleas court judge shall have jurisdiction and venue to issue a writ of habeas corpus on behalf of any person alleged to be detained within the judge's judicial district. The Act of May 25, 1951, P.L. 415, § 1, 12 P.S. § 1901. *Reilly v. Reilly,* 219 Pa.Super. at 88, 280 A.2d at 641. The facts of this case make clear that the child whose custody is at issue is not a resident of Cameron County. Therefore, she must be domiciled or detained within Cameron County if the Cameron County Court is to properly exercise jurisdiction and venue over her.

■■■■ While the child resided with her mother in Cameron County she was domiciled there. Domicile *through the mother* terminated, however, when the father, also a domiciliary of Cameron County, permanently removed the child to his parents' home in Washington County.[3] We find, however, that the father's action did not destroy the child's Cameron County domicile.

2. The paternal grandparents subsequently filed a petition for guardianship of the child in Washington County. Appellee also has filed a petition for writ of habeas corpus in Washington County. To date, no final order has been entered on either of those proceedings.

3. It is irrelevant that the father might have gained custody of his daughter through trickery. *See Reilly v. Reilly,* 219 Pa.Super. at 90, 280 A.2d at 642. Furthermore, where there is no court order as to custody, it is possible for a court to find that either parent, in fact, has custody of the child. *See Coombs v. Coombs,* 225 Pa.Super. 304, 307, 303 A.2d 498, 499 (1973).

■ A case closely related to the one before us and one which we find controlling is *Swigart v. Swigart*, 193 Pa.Super. 174, 163 A.2d 716 (1960). In *Swigart*, the father of the children whose custody was at issue resided in and was domiciled in Huntingdon County; the minor children, themselves, resided in Sao Paulo, Brazil. Their mother filed a petition for writ of habeas corpus in Huntingdon County; their father objected to the court's jurisdiction because the children were physically outside Huntingdon County and Pennsylvania. In holding that the Huntingdon County Court did have jurisdiction, this court said:

> [W]here the domicile of a [parent] who has custody of and power to produce a child is within the county, the common pleas court of that county has jurisdiction of a custody proceeding, although the child is physically outside the county  .   .  . .

*Swigart v. Swigart*, 193 Pa.Super. at 177, 163 A.2d at 718. *See also Commonwealth ex rel. Hickey v. Hickey*, 216 Pa.Super. 332, 336, 264 A.2d 420, 422 (1970), *allocatur denied*, 216 Pa.Super. 1; *Commonwealth ex rel. Camp v. Camp*, 150 Pa.Super. at 651, 29 A.2d at 364. Furthermore, it is clear that a child who is *controlled* by a person who resides in a county is, in effect, *restrained* within that county; therefore, the Court of Common Pleas in that county has jurisdiction and venue over the custody action pursuant to the Act of 1951. 12 P.S. § 1901. *Reilly v. Reilly*, 219 Pa.Super. at 90, 280 A.2d at 642. *See also Commonwealth ex rel. v. Rahal*, 48 Pa.D. & C. 568, 569–70 (1942). The lower court found that the child's father while a resident of Cameron County exercised control over the child. Record at 4a. Upon a review of the record, we agree.

■ Preliminary objections are pleadings. In raising questions of jurisdiction and venue, the defendant is the moving party and bears the burden of supporting his claim of lack of jurisdiction and venue. *See Alumbaugh v. Wallace Business Forms, Inc.*, 226 Pa.Super. 511, 516–17, 313 A.2d 281, 284 (1973). Appellant, here, failed to support his assertion. In appellee's original petition, she alleged that

while appellant was a resident of Cameron County, he took the child for what was to be a temporary period to Washington County to visit his parents and to receive medical treatment; she asserted that one day later appellant called her to say that he was leaving the child with his parents and that appellee would not see the child again; finally, she alleged that the child is in the custody of appellant in Cameron County. Record at 6a–7a. In his preliminary objections, appellant stated that he removed the child to the home of his parents in Washington County "for the purpose of receiving medical care, drugs, nourishment and proper attention." Record at 10a. In her response to appellant's preliminary objections, appellee admitted that the child was physically outside Cameron County, yet she alleged that appellant had the power to produce the child before the Cameron County Court. Record at 12a.

In his preliminary objections, appellant never denied having custody and control of the child, nor did he assert that his parents had anything more than mere physical custody of the child. In fact, his statement that he removed the child to Washington County for the purpose of receiving medical attention and proper nourishment is indicative of his control over her. He controlled the child in placing her in the physical custody of his parents; because his preliminary objections state nothing to the contrary, we must conclude that he can control her physical return to Cameron County, as well.

Whether we regard appellant as having custody of and power to produce the child or as restraining the child, the result is the same: the child takes her father's domicile— Cameron County. Therefore, jurisdiction and venue were properly with the Court of Common Pleas of Cameron County in this custody matter and the lower court was correct in dismissing appellant's preliminary objections.

Order affirmed.

PRICE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.