427 A.2d 678

**Sharon Joann WOLF, Appellant,**

v.

**Arthur William WEYMERS.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed March 27, 1981.

Edward G. Shoemaker, Pittsburgh, for appellant.

June S. Schulberg, Pittsburgh, for appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

The instant appeal is but the most recent step in a disagreement between the parties concerning the custody of the parties' two minor children, Crystal and Billy. Appellant, Sharon Joann Wolf [hereinafter referred to as "the mother"], asks this Court to overturn the decision of the trial court, which awarded custody of both children to Arthur William Weymers [hereinafter referred to as "the father"]. The mother raises a number of issues, but the crux of the argument is that the courts of Allegheny County, where this custody was decided, did not have jurisdiction to rule on this case. We have carefully reviewed each of the mother's arguments but have found them to be lacking in merit.

The instant case had its inception on August 24, 1977, when the mother filed a petition for writ of *habeas corpus.* At that time, the mother was a resident of Missouri and the father was a resident of Pennsylvania; furthermore, at that time the children were living with the father in his Beaver County Home. On the same date as this action was filed, the mother went to the home of the children's babysitter and took the children back to Missouri with her. Consequently, the father filed a counterclaim for custody.

In due course, a hearing was held on this matter in the courts of Allegheny County. At this hearing, both sides were represented by counsel, although only the father ap-

peared personally.[1]  Following this hearing on April 5, 1978, the trial court ordered custody of the children be awarded to the father.  The mother took no appeal from this order of court.  Subsequent to this ruling, the father did regain physical custody of Crystal but did not regain similar custody of Billy.

Five months after the above custody decree was entered, the mother, by new counsel, filed a "Petition to Strike and/or Vacate and/or Open" the custody order.  (At that time the mother had moved to Illinois).  After legal argument by counsel, the court issued an order granting temporary custody of the children to the father pending a full custody hearing, the exact date for which hearing was fixed by a subsequent order of court.  Thereafter, the father petitioned the lower court for enforcement of the April 5, 1978 order granting him permanent custody.  A hearing was held on the basis of the petition and as a result thereof the lower court directed the mother to comply with its prior orders granting custody to the father by bringing their son, Billy, before the court on a specified date, or else be held in contempt.  The mother did not comply with this order and, after a hearing, the court below found the mother to be in contempt.

The mother raises numerous issues in her appeal.  First, the mother argues that the Court of Common Pleas of Allegheny County did not obtain jurisdiction to make a child custody determination when, in August, 1977, the mother filed her *habeas corpus* petition in Allegheny County.  The mother bases her contention on the fact that on the date in question, she was living in Kansas City, Missouri, and that the father was living with the two children in Beaver County, Pennsylvania.  Although it was the mother who chose the forum by filing her petition in Allegheny County, and, despite the fact that the father raised no objection to

1.  Appellant contends that she did not herself have actual notice of this hearing although her attorney of record did receive such notice and was in attendance at the hearing.  This issue is discussed in full in the body of our opinion.  However, we note at this point our rejection of this contention.

the choice of forum, the mother contends that Allegheny County did not have jurisdiction over custody matter because none of the parties resided or was domiciled in Allegheny County. This argument is specious.

Under common law principles for a court to have jurisdiction in a *habeas corpus* action for custody, it was required that the children either by physically present in the state, residents of the state, or be domiciled in the state. *Coombs v. Coombs*, 225 Pa.Super. 304, 306, 303 A.2d 498, 499 (1973). The domicile of a child was held to be the same as that of the parent with whom the child lived. Under common law principles, the location of the child was the determining factor for jurisdiction. Effective July, 1977, our Legislature adopted the "Uniform Child Custody Jurisdiction Act," thereby expanding the number of ways in which the courts of this state will have jurisdiction in a child custody case. In relevant part, the Act reads:

"(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this State:

(i) *is the home state of the child at the time of commencement of the proceeding*; or

(ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State;

\*     \*     \*     \*     \*     \*

(2) it is in the best interest of the child that a court of this State assume jurisdiction because:

(i) *the child and his parents, or the child and at least one contestant, have a significant connection with this State*; and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection,

training, and personal relationships;"[2] (Emphasis added.)

Consequently, it is undeniably clear that Pennsylvania was invested with jurisdiction to determine custody in this case.

Nevertheless, the mother contends that the Courts of Allegheny County did not have jurisdiction over this case because the father and the children resided in Beaver County, Pennsylvania, and the mother resided out-of-state. The mother contends that only the courts of Beaver County had jurisdiction to decide this case because that is where the father lived when this action was filed. The mother in this argument confuses the meaning of jurisdiction with that of venue. This distinction was addressed by the Supreme Court in the case of *In re Estate of R.L.L.,* 487 Pa. 223, 225 n.3, 409 A.2d 321, 322 n.3 (1979), wherein the Court said:

> Frequently, the terms jurisdiction and venue are used interchangeably although in fact they represent distinctly different concepts. Subject matter jurisdiction refers to the competency of a given court to determine controversies of a particular class or kind to which the case presented for its consideration belongs. Venue is the place in which a particular action is to be brought and determined and is a matter for the convenience of the litigants. *Smith Estate,* 442 Pa. 249, 275 A.2d 323 (1971); *County Const. Co. v. Livengood Const. Corp.,* 393 Pa. 39, 142 A. 9 (1928). Jurisdiction denotes the power of the court whereas venue considers the practicalities to determine the appropriate forum. *McGinley v. Scott,* 401 Pa. 310, 164 A.2d 424 (1960); *Hohlstein v. Hohlstein,* 223 Pa.Super. 348, 296 A.2d 886 (1972).
>
> It is clear that the "jurisdictional" objections raised by appellant are in fact questions of venue. *All of the courts of common pleas within this Commonwealth have subject matter jurisdiction over custody of children and guardianships over the persons of minors.* Since there is no question as to the effectiveness of the service, i. e., jurisdiction

2. The Act of June 30, 1977, P.L. 29, No. 20, § 4, 11 P.S. § 2304 (1980), effective July 1, 1977.

over the person, appellant's jurisdictional complaints will be considered as venue complaints. (Emphasis added.) Therefore, as the Supreme Court made clear, the question of which county within this state should decide a particular custody case, when that case is properly within the jurisdiction of this Commonwealth, is a venue question. It is settled law that the right to raise the objection of venue is a mere personal privilege belonging to the defendant which may be waived by that defendant; and that, unlike the question of subject matter jurisdiction, it is generally held that the court on its own motion may not order a change of venue, nor may it dismiss for improper venue. *Hohlstein v. Hohlstein*, 223 Pa.Super. 348, 296 A.2d 886, 889 (1972). Therefore, since the defendant in the present case, the father, raised no objection to venue, this issue is not properly before this Court.[3]

The mother further contends that the lower court's order of April 5, 1978, was invalid because the mother was not properly notified of this hearing as required by 11 P.S. § 2306 of the Uniform Child Custody Jurisdiction Act. Appellant's attorney of record received notice of this hearing and appeared. The mother, however, contends that she herself did not receive notice of this hearing because such notice was sent by regular mail to her address in Kansas City, Missouri, although the father was allegedly aware that the mother had by then moved to New York. The mother's argument must fail. Section 2306 establishes the way in which the courts of this state shall obtain personal jurisdiction over the individual contestants in a child custody action. The mother, by filing the herewithin *habeas corpus* petition,

---

**3.** For the same reasons, we must reject the mother's contentions that (1) the Court of Common Pleas of Allegheny County did not have jurisdiction to issue an order on March 23, 1978 scheduling a hearing on the child custody issue; (2) the Court of Common Pleas of Allegheny County did not have jurisdiction on April 5, 1978, to hold a child custody hearing or to issue a child custody decree; (3) the court orders issued by the Allegheny County of Common Pleas on April 5, 1978, August 21, 1978 and September 15, 1978, are without force and not binding on the parties and should be vacated for lack of a proper custody hearing and order.

submitted herself to the jurisdiction of the courts of this Commonwealth for all proceedings connected with the adjudication of the petition. *Commonwealth ex rel. Schofield v. Schofield*, 173 Pa.Super. 631, 98 A.2d 437, 442 (1953). Accordingly, subsection (d) of Section 2306 would apply, for it says: "Notice is not required if a person submits to the jurisdiction of the court." The mother's additional contention that the type of notice used failed to satisfy due process similarly is not a basis for reversing the lower court's denial of the mother's petition to strike and/or vacate and/or open. Pa.R.C.P. 233(a) provides that all legal papers, except writs and pleadings, be served by mailing a copy to the party or by mailing a copy to his attorney of record, as was done in the instant case. The mother's attorney of record had not been removed from the case by the mother; therefore, he remained her attorney of record.[4]

■ Lastly, the mother argues that she can not be held in contempt of court for refusing to obey the court's order which directed that temporary custody of the parties' two children be given to the father pending a full custody hearing. The mother contends that the court lacked jurisdiction to issue such an order because it was "based on the court's findings at the April 5, 1978, *ex parte* hearing." This argument is without merit. The Pennsylvania Court at all times had jurisdiction. Furthermore, after the mother filed her petition to open the prior custody order, the court issued an order giving temporary custody of the children to the father pending a current custody hearing. Without question, the mother submitted herself to the jurisdiction of the

4. Our discussion of this issue also addressed the contentions raised by the mother in several other issues. Specifically, these issues are, as stated by appellant: (1) Where fatal defects exist on the face of the record, a petition to strike off judgment is proper and should be granted, (2) A court may not disregard defects in procedure when they affect the substantial rights of one of the parties, (3) Where a judgment by a court is invalid, an injured party does not waive her right to object by not taking a timely appeal, (4) Petitioner was not represented by counsel at the April 5, 1978, hearing, but even if she were, the mere appearance of an attorney for a party does not give the court jurisdiction over that party.

court and was bound by its orders in the matter at issue. Therefore, this argument of the mother has no merit.

Accordingly, for the above reasons, we affirm.