## Shaffer v. Shaffer

*H. Edwin Mountford,* of *Somerset County Legal Aid,* for plaintiff.

*Nathaniel A. Barbera,* of *Barbera and Barbera,* for defendant.

SHAULIS, *J.,* July 13, 1976—Petitioner, Carol L. Shaffer, and defendant, Delver F. Shaffer, were married on December 29, 1968. Two children, Cheryl and Cindy, were born of the marriage. Petitioner and defendant separated in May 1974. On July 2, 1974, defendant commenced an action in divorce filed at no. 113, divorce 1974. Later, defendant was granted leave to discontinue his divorce action. On February 3, 1975, petitioner instituted an action in divorce against defendant, the action being filed at no. 70, divorce 1975. On or about February 28, 1975, defendant removed the two children from the home of petitioner without her consent and against her wishes. Since that date, petitioner's requests for the return of the children or the privilege to visit the children have been denied. The whereabouts of the children and defendant remain unknown to this day.

On March 9, 1975, petitioner amended her complaint to include an action to determine the custody of the two children. Pa. R.C.P. 1127(b) permits plaintiff to join other matters which may, by an Act of Assembly, be joined with an action in divorce. Section 15 of the Divorce Act, as amended, allows for the joinder of the issue of custody with an action of divorce where the court has

jurisdiction: Act of May 2, 1929, P.L. 1937, as amended, 23 P.S. §15, 1(b).

Defendant has not entered a personal appearance in the proceedings of this case. However, an appearance was entered for defendant in no. 70, Divorce 1975, on October 29, 1975, by his attorney, Nathaniel A. Barbera.

The question presented by this case is one of jurisdiction of the court over the defendant-father and the two children. Section 15 of the Divorce Law gives common pleas court original jurisdiction in cases of divorce and allows for the joinder of related matters such as the future care, custody and visitation rights as to children: 23 P.S. §15, 1(b). However, to join the related matter the court must have jurisdiction over the additional matter. In a custody case, the court must have jurisdiction over the children.

Restatement 2d Conflict of Laws §79 provides that a court may exercise jurisdiction to determine the custody of the person of a child when the child is (a) domiciled in the State, or (b) present in the State, or (c) neither domiciled nor present in the State, if the controversy is between two or more persons subject to the jurisdiction of the State. The section of the restatement is cited in the case of Commonwealth ex rel. Blank v. Rutledge, 234 Pa. Superior Ct. 339, 339 A. 2d 71 (1975).

In the present case, there is no evidence that the children are domiciled or present in the Commonwealth. By following the rule stated in the Restatement 2d Conflict of Laws, the court would have jurisdiction to determine the custody of the children only if the parties to the controversy, the mother and father, are both subject to the jurisdic-

tion of the court. The mother is clearly subject to the jurisdiction of the court; however, the whereabouts of the father are unknown and he has not appeared personally. Defendant has entered an appearance through an attorney. Pa. R.C.P. 1012 provides that such an appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue. In Harabunda v. Courtney, 56 Westmoreland 221 (1974), the court held that the entry of an appearance is not an estoppel which will prevent the assertion of lack of jurisdiction over the subject matter. The mere filing of an appearance by the attorney for defendant does not appear to, in and of itself, give the court jurisdiction over defendant.

There is a line of cases in Pennsylvania which hold that a court should not permit a party to short circuit a legitimate proceeding by removing the subject matter of the litigation from the jurisdiction of the court properly acquired: Commonwealth ex rel. Scholtes v. Scholtes 187 Pa. Superior Ct. 22, 142 A. 2d 345 (1958); Harris v. Harris, 50 D. & C. 2d 728 (1970). In Harris, defendant-father removed the children from the Commonwealth within several days after receiving notice of the mother's petition for the custody of the children. In the present case, the father removed the children after the institution of divorce proceedings but prior to the amended action to include custody. Harris seems to turn on the fact that the father removed the children after the commencement of custody proceedings. However, the rationale of the Harris decision would seem to apply to the present situation. In Harris, the court sought to prevent "legalized kidnapping" or "self-help" on the part of the parent who seeks to divest the court of jurisdiction by removing the children.

In the present case, defendant was aware of the divorce proceedings and it is probable that he was aware of the likelihood of some future custody proceeding. The removal of the children by the father is most likely an attempt to defeat the jurisdiction of the court. This is the type of activity the courts in Scholtes and Harris sought to prevent.

There are several pitfalls with this approach as the opinion in Harris points out. There is no certainty that a custody ruling in a Pennsylvania court will be enforced in another State. The full faith and credit clause does not apply where the jurisdiction of another State is in doubt: New York ex rel. Halvey v. Halvey, 330 U.S. 610 (1947). Res judicata also has little effect in custody cases.

It also must be pointed out that the above-cited cases do not reflect a majority opinion of Pennsylvania courts. There seems to be a great deal of divergence in cases dealing with custody. The majority of the courts have not extended jurisdiction as far as the courts did in Harris or Scholtes. Most cases hold that the court has jurisdiction only if the child is domiciled or resides in the county. Many apply this rule without regard to how the parent obtained custody and control of the child, even by ruse or trick. See McIlwain v. McIlwain, and cases cited therein, 27 Somerset 349, 352 (1972).

There is also before this court a petition by the wife asking the court to allow her to use the funds that are on deposit with the prothonotary from the first divorce action that was discontinued. This petition is premature, since there is no petition for alimony pendente lite or expenses pending. If petitioner is successful in obtaining a divorce and is awarded the costs, she may look to this fund out of which to satisfy the costs.

## ORDER

Now, July 13, 1976, both petitions are dismissed. Costs to await the outcome of the divorce action.