# Commonwealth ex rel. Colann v. Colann

*Kevin Kingston,* for petitioner.
*Cygne Nemir,* for respondents.

CARNEY, *P.J.,* April 29, 1980—Petitioner, Glenn Colann of Erie County, seeks the jurisdiction of this court to litigate the proper custody of his daughter, Vanessa, age eight. Cynthia Colann, an Ohio domicilary, the custodial parent by Ohio decree and respondent herein moved to dismiss the petition for a writ of habeas corpus for failure to meet the jurisdictional prerequisites of the Uniform Child Custody Jurisdiction Act of June 30, 1977, P.L. 29, sec. 1 et seq., 11 P.S. §2301 et seq. (hereinafter U.C.C.J.A.). The other co-respondents, Charles and Ethel Colann, are the paternal grandparents of

the child, live in Erie County, and are presently responsible for the child. Vanessa is with her grandparents because her mother temporarily relinquished custody to them on or about March 1, 1980. This action was commenced on March 13, 1980.

Two issues have been raised. The first is whether an independent ground of jurisdiction may be claimed that is not expressly created by the U.C.C.J.A. The second is whether the courts of Erie County should accept jurisdiction in light of the voluntary, though temporary, relinquishment of custody to the paternal grandparents despite a valid foreign custody decree. Taking into consideration the brief period of the child's residency and the policy of the U.C.C.J.A. to encourage custody litigation in the "home state" within the definition of the act, 11 P.S. §§2302 and 2303, the court must answer the questions in the negative and decline jurisdiction.

Petitioner's novel approach to jurisdiction is that since he is innocent of the venal sin of child-snatching (which the U.C.C.J.A. was designed to discourage) the act does not apply to him whatsoever. Instead, the former common law jurisdictional tenets in custody cases would imbue this court with jurisdiction because of the child's presence in the state.

However, this reading of the law flys in the face of the detailed intent provisions of the U.C.C.J.A. The act, 11 P.S.§2302(a)(9), states that its intent is to "make uniform the law of those states which enact it." Thus, the legislature specifically rejected the vestigial jurisdictional law which petitioner suggests can be applied. Moreover, should each state create loopholes in jurisdiction by adopting

specific local doctrines, the entire purpose of the uniform act would be defeated.

It is clear that the U.C.C.J.A. provisions are to be the exclusive manner of conferring jurisdiction in the courts of the states which adopt the U.C.C.J.A. Consequently, petitioner must show the applicability of some subsection of 11 P.S. §2304(a) to the present facts so as to properly vest jurisdiction in our court at the time the petition was filed.

Only subsections (2)(i) and (ii) can be said to be arguably relevant to the present circumstances.[1]

"(2) It is in the best interest of the child that a court of this State assume jurisdiction because: (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State; and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships. . . ."

The child, the father and two co-respondents are present in Pennsylvania and Erie County, so subsection (2)(i) had been satisfied. At the time of the filing of the petition Vanessa Colann had been with her paternal grandparents for at most 13 days,[2] and the subsection (2)(ii) "substantial evidence" lan-

---

1. The petition for writ of habeas corpus does not aver that the child was abandoned, mistreated or in need of emergency services. Hence, 11 P.S. §2304(a)(3) does not apply.

2. Irizarry Appeal, 195 Pa. Superior Ct. 104, 169 A. 2d 307 (1961), cert. denied, 368 U.S. 928, 82 S. Ct. 363, 7 L. Ed. 2d 191 (1961), found residing and hence jurisdiction after only 13 days. However, the case's validity in this respect must be questioned in light of the U.C.C.J.A. and In re Sagan, 261 Pa. Superior Ct. 384, 396 A. 2d 450 (1978).

guage cannot be said to be satisfied. The Commissioner's note to the U.C.C.J.A. section 3 (which is identical to 11 P.S. §2304) states:

"Short-term presence in the State is not enough even though there may be an intent to stay longer, perhaps an intent to establish a technical 'domicile' for divorce or other purposes.

"Paragraph (2) perhaps more than any other provision of the Act requires that it be interpreted in the spirit of the legislative purposes expressed in section 1. The paragraph was phrased in general terms in order to be flexible enough to cover many fact situations too diverse to lend themselves to exact description. But its purpose is to limit jurisdiction rather than to proliferate it." 9 U.L.A. 124 (1979).

Noteworthy is that this approach is fully borne out in the case In Re Sagan, supra, footnote 2, where the court stated that absent "extraordinary circumstances" Pennsylvania had no inherent concern for children temporarily present solely for the purpose of a visit. While the enrollment of Vanessa Colann in a local school is more that a mere visit, however, after 13 days it is not, in our opinion, an act which triggers jurisdiction. Respondent suggests quite properly that the selection of a school and even the temporary placement of a child outside the home are acts within the ambit of the custodial parent's powers. Further, the petition itself does not question the wholesomeness of the child's present residence or the child's previous life with the natural mother. Granting that Cynthia Colann has not acted improperly, the heart of the controversy becomes her intentions regarding cus-

tody arrangements and her ability to care for her daughter. This information is more readily available in Ohio, the "home state,"where an outstanding custody decree is docketed, co-respondent lives and her child resided until March 1, 1980.

The same factors which persuasively argue that there is not "substantial evidence" available in Pennsylvania would further illustrate that Pennsylvania would be an inconvenient forum under 11 P.S. §2308(a) and (c)(1-3) were this court to assume jurisdiction. Thus, this court declines to exercise jurisdiction in this matter and acknowledges that Ohio is the proper forum.

## ORDER

And now, April 29, 1980, it is hereby ordered and decreed that the petition for writ of habeas corpus be dismissed for want of jurisdiction.