## Misher v. Bo's Auto Parts Inc.

*Ronald Wolf*, for Beverly Misher.

*Joseph Foster*, for Harleysville Insurance Co.

*Gordon Gelfond,* for Bo's Auto Parts Inc. and Charles Hickey.

## PROCEDURAL HISTORY

OTT, *J.*, June 16, 1988 — On September 15, 1983, Martin Misher was killed in an automobile accident involving a vehicle owned by Bo's Auto Parts and driven by Charles Hickey. Misher's estate filed a wrongful death and survival action in the Court of Common Pleas of Philadelphia County on January 12, 1984, naming Bo's Auto Parts and Charles Hickey as defendants. Pursuant to an insurance policy held by Bo's Auto Parts, Harleysville Insurance Company secured counsel to defend the claim.

Plaintiff alleges that prior to trial she offered to settle her claim against defendants for the limits of their liability policy. Plaintiff asserts that· despite provable damages which clearly exceeded the policy limits of $300,000 and lacking a viable defense to the issue of liability, Harleysville unreasonably and in bad faith refused plaintiff's offer of settlement. Harleysville contends, to the contrary, that the proposal for settlement was inappropriately to the exclusion of property damage .claims of other parties, and the offer to settle was made prior to the institution of the lawsuit and at a time when Harleysville was pursuing several promising liability defenses.

At trial, the original defendants stipulated as to liability and the case proceeded to the jury on damages only. A verdict was returned on May 17, 1985, for $3,087,002.72 which after delay damages were added and no-fault benefits subtracted resulted in a total judgment of $3,264,146.90. The Honorable Curtis C. Carson of the Court of Common Pleas of

Philadelphia subsequently entered a remittitur reducing the judgment to $2,303,982.80. Harleysville Insurance Company thereafter paid plaintiff the policy limit of $300,000.

Seeking to recover the amount of the judgment in excess of the policy limits and alleging Harleysville's bad faith rejection of plaintiff's pretrial settlement offer, plaintiff requested by praecipe on November 20, 1987, that the prothonotary of Philaldelphia County issue a writ of execution directed to the sheriff of Montgomery County against Harleysville Insurance Company as garnishee. Accompanying the writ were standard garnishment interrogatories. On January 4, 1988 Harleysville filed answers to plaintiff's interrogatories along with new matter in the Philadelphia court. Later, on January 21, 1988, Harleysville filed identical answers and new matter in the Montgomery County Court of Common Pleas, along with a praecipe for election of venue in Montgomery County pursuant to Pennsylvania Rule of Civil Procedure 3141(b). On February 9, 1988, plaintiff filed a motion to strike garnishee's election of venue in Montgomery County and sought to return the action to Philadelphia. Following oral argument, this court issued an order on April 13, 1988 granting plaintiff's motion to strike and directed that the case be transferred to Philadelphia. Harleysville has appealed to the Superior Court.

## ISSUE

Did garnishee waive its right to elect venue in Montgomery County pursuant to Pa. R.C.P. 3141(b) by first filing answers to plaintiff's interogatories in Philadelphia?

## DISCUSSION

This is a case of first impression as there are no reported Pennsylvania cases dealing with a possible waiver of a garnishee's right to elect venue under Pa. R.C.P. 3141(b). Accordingly, this court begins its analysis with a careful reading of rule 3141(b) which states, in part, as follows:

"When the writ is issued to another county, preliminary objections, proceedings for stay, or releases of property from attachment, *answers to interrogatories* or other matters relating to the attachment, may at the option of the garnishee be filed or taken by him in the county to which the writ is directed or from which it issued." (emphasis supplied)

This rule provides a garnishee with an option to respond to garnishment proceedings in either the county to which the writ is directed *or* from which it issued. The clear wording of the rule fixes a specific time for making the election, that is upon the filing of "preliminary objections, proceedings for stay, or release of property from attachment, answers to interrogatories, or other matters relating to the attachment." Having fixed the time for election, rule 3141(b) should not be read to permit election in the county to which the writ is attached after the filing of answers to plaintiff's interrogatories in the issuing county. Indeed, Harleysville Insurance Company exercised its option in favor of Philadelphia County by first filing answers there to plaintiff's interrogatories. It should not be heard now to complain of the consequences of its own election.

It should be noted that the right to raise an objection to venue is a personal privilege belonging to a defendant and is subject to waiver. *Wolf v. Weymers*, 285 Pa. Super. 361, 427 A.2d 678 (1981).

There can be no question that a garnishee can similarly waive its rights to elect venue under rule 3141(b) and Harleysville has done so here by first filing pleadings in Philadelphia County.

Harleysville urged at oral argument that the permissible timing of election of venue under rule 3141(b) is analogous to changes of venue governed by Pa. R.C.P. 1006. As "rule 1006(d) imposes no time limit upon a party who seeks to transfer venue, . . ." *Vogel v. National Railroad Passenger Corporation*, 370 Pa. Super. 315, 321, 536 A.2d 422, 425 (1988), Harleysville argues the same result should obtain under rule 3141(b). This court does not agree. Rule 1006(d)(1) states that:

"[f]or the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

The wording of rule 1006(d)(1) does not, unlike rule 3141(b), require that a party elect venue at a particular moment in the proceedings. Nor can the change of venue provisions contained in rule 1006 be read to supersede the mechanics of a garnishee's election of venue pursuant to rule 3141(b). Pa. R.C.P. 132 direct as follows:

"Whenever a general provision in a rule shall be in conflict with a particular provision in the same or another rule, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the particular provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be promulgated later and it shall be the manifest intention of the Su-

preme Court that such general provision shall prevail."

Rule 3141(b) clearly concerns the specific problem of venue in garnishment proceedings while rule 1006 generally covers change of venue in civil actions.

Both parties stressed at oral argument and in the briefs the importance of predominant contacts in determining under 3141(b) where venue should lie. Although this court appreciates the vigor and ingenuity of the arguments advanced in this regard, it is persuaded that pursuant to rule 3141(b) a garnishee has an absolute right, subject to waiver, to elect venue regardless of what contacts may or may not exist in the elected county. Accordingly, a determination of predominant contacts is irrelevant to election of venue under rule 3141(b). Had this court been required to reach the issue of contacts, it would have determined that Philadelphia as the site of the damage trial and defendant's place of business had predominant contacts.

Finally, Harleysville contends that plaintiff waived her right to challenge Harleysville's election of venue by failing to raise the issue in her reply to the new matter filed with Harleysville's answers to interrogatories or, in the alternative, by failing to file preliminary objections thereto. Inasmuch as Harleysville's new matter did not deal with the issue of venue it is absurd to suggest that plaintiff's response could properly have raised the issue. Nor could the plaintiff have raised a proper challenge via preliminary objections. Harleysville suggested in its brief that Pa. R.C.P. 3142 mandates the use of preliminary objections in this situation. This is not so. Rule 3142(a) states as follows:

"The defenses of immunity or exemption of property for attachment or a question of jurisdiction over

the garnishee may be raised by *preliminary objections filed by the defendant or the garnishee.*" (emphasis supplied)

Rule 3142 clearly applies to objections made by either defendant or garnishee, not to plaintiff's objections. Plaintiff's motion to strike Harleysville's election of venue was timely filed in a procedurally appropriate manner, and the appeal of Harleysville Insurance Company should be dismissed.

## CONCLUSION

By first filing its answers to plaintiff's garnishment interrogatories in Philadelphia County, Harleysville Insurance Company waived its right to elect venue in Montgomery County pursuant to a subsequent pleading. The appeal of Harleysville Insurance Company as garnishee should be dismissed.