375 A.2d 391

**Theophilus KOVATIS**

v.

**J. J. HARRINGTON, Manager, Four Hundred Realty Corp., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

Leonard J. Tripodi, Media, for appellant.

John M. Gallagher, Jr., Upper Darby, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On October 1, 1975, appellee obtained a default judgment in the District Court sitting in District 32–1–16, Delaware County, for work performed by appellee on appellants' premises in Havertown, Pennsylvania. Appellants did not appear at the District Court hearing, nor did they file either an appeal, Pa.R.C.P.J.P. 1002, or a praecipe for writ of certiorari, Pa.R.C.P.J.P. 1009. Instead, after appellee had served a writ of execution on October 31, 1975, appellants on November 5, 1975, filed a "Petition to Quash Transcript and to Strike Judgment." The petition was denied, and this appeal followed.

Appellants argue that the judgment of the District Court is void for lack of jurisdiction. The alleged defect is that the contract sued upon was executed and performed in, and appellants resided in, a different district (District 32–1–7)

from the one where the action was brought. Thus appellants' claim is that the jurisdiction of a justice of the peace is limited geographically to the district for which he is commissioned.

█ In one sense appellants are correct: a justice of the peace has no jurisdiction to hold court out of the district for which he is commissioned. *Share v. Anderson,* 7 S. & R. 43, 10 Am.Dec. 421 (1821). However, the justice is not further limited to hearing only suits arising in the district in which he sits. This was clearly implied in the Supreme Court's observations in *Collins v. Gessler,* 452 Pa. 471, 307 A.2d 892 (1973). There, to decide whether it had jurisdiction over an appeal, the Court was required to determine whether a justice of the peace is an "officer of statewide jurisdiction." [1] Citing a statutory provision,[2] the Court said:

Although limited by statute as to jurisdictional *amount and type of action, in all other respects* the jurisdiction of a district justice of the peace and a common pleas judge is *concurrent.* . . . Moreover, Rule 317 of our Pennsylvania Rules of Conduct, Office Standards and Civil Procedure for Justices of the Peace states: "A justice of the peace may issue subpoenas throughout the Commonwealth to require the attendance of witnesses in any cause of action triable before him." The undeniable implication of Rule 317 is that an official with statewide subpoena powers is an official with statewide jurisdiction.

452 Pa. at 477, 307 A.2d at 895 (emphasis in part in original, in part supplied).

█ Appellants' real complaint is not that the justice of the peace had no jurisdiction, but rather that venue was improper. *See* Pa.R.C.P.J.P. 302 C. In order to be heard on this claim appellants were required to file a praecipe for writ of certiorari within twenty days of the date of judg-

1. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 201, 17 P.S. § 211.201 (Supp.1976).

2. Act of July 7, 1879, P.L. 194, § 1, *as amended* by Act of June 1, 1972, 42 P.S. § 241 (Supp.1976).

ment.   Pa.R.C.P.J.P. 1009 B, and Note thereto.   Since they did not do this, they may not now argue the point.

Order affirmed.