396 A.2d 717

Edward J. ENCELEWSKI and Helen Encelewski, Appellants,

v.

ASSOCIATED-EAST MORTGAGE CO., First Pennsylvania Mortgage Trust, Associated Advisers, Inc., Associated Mortgage Company, Ridgeley P. Ware, Individually, Robert B. Welch, Individually, and Norman Atherton a/k/a Norman Roberts, Individually, and t/a Quality Heating and Engineering Company, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 12, 1977.

Decided Dec. 29, 1978.

Samuel A. Litzenberger, Quakertown, for appellants.

John S. Hollister, Jr., Philadelphia, for appellees, except Norman Atherton.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal followed an order by the lower court which sustained the preliminary objections of appellees and dismissed the complaint as to all the appellees except Norman Atherton. We affirm the order of the lower court in part and reverse and remand in part.

On appeal, appellants contend, *inter alia*, that the lower court erroneously dismissed the complaint against individual appellees Ware and Welch[1] and corporate appel-

1. Appellants, in their brief, contend that the lower court had jurisdiction of appellees Ware and Welch under the Pennsylvania Long Arm Statute, Act of November 15, 1972, P.L. 1063, No. 271 § 8303 (42 Pa.C.S.A. § 8303). Section 8303 provides that:

"Any nonresident of this Commonwealth who, acting individually, under or through a fictitious business name, or through an agent, servant or employee, shall have committed a tortious act within this Commonwealth on or after August 30, 1970, . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any

lees First Pennsylvania Mortgage Trust and Associated Advisers, Inc.[2]  We find these contentions to be without merit.

However, with respect to appellants' contention that the lower court erroneously dismissed the complaint against corporate appellees Associated Mortgage Company and Associated-East Mortgage Co., we must agree.  Associated Mortgage Company and Associated-East Mortgage Co. failed to raise the issue of lack of personal jurisdiction in their preliminary objections to appellants' complaint.  In light of this fact, the defense of lack of jurisdiction over the parties was waived, and not properly before the lower court when it considered the preliminary objections of all appellees (except Norman Atherton).  The lower court's order dismissing appellants' complaint against Associated Mortgage and Associated-East Mortgage is therefore in error.  We reverse the order of the lower court with respect to Associated Mortgage and Associated-East Mortgage, and remand to the lower court for further proceedings consistent with this decision.

The case arises from a $450,000 construction mortgage loan by appellee Associated-East Mortgage Co. to Bancorporation of America, of which appellants are owners of a

civil action or proceeding instituted in the courts of this Commonwealth against such individual."
We agree with the lower court that § 8303 does not confer jurisdiction in this case, since appellees Ware and Welch were at no time acting as individuals, under or through a fictitious business name, or through an agent.

2. We also agree with the lower court's finding that the conduct of appellees, First Pennsylvania Mortgage Trust and Associated Advisers, Inc., falls within the exception to the Long Arm Statute as set forth in 42 Pa.C.S.A. § 8309(c), which provides that:
"Notwithstanding any other provision of this section, for the purposes of determining jurisdiction of courts within this Commonwealth, inspecting, appraising and acquiring real estate and mortgages, and other liens thereon, and personal property and security interest therein, and holding, leasing away, conveying and transferring the same, as fiduciary or otherwise, or collecting debts and enforcing mortgages and rights in property securing the same by any foreign corporation shall not constitute 'doing business'."

forty-nine percent interest. Appellants alleged that Associated-East acted as agent for servant of, or in joint partnership with, the other three named corporate appellees. Appellees Welch and Ware were officers of Associated Advisers, Inc.

The construction project for which the mortgage loan was advanced met with complete failure. It is alleged in the complaint that appellee Norman Atherton, a fifty-one percent owner of Bancorporation and the general contractor on the project in question, converted funds which were supposed to be used to pay subcontractors on the construction project, and that as a result, the project failed. Appellants further allege that the other appellees committed breaches of contract, made fraudulent misrepresentations, and were negligent in the maintenance and supervision of the loan. Appellants claim that these alleged occurrences contributed to the project's failure, and as such, appellants sought recovery of those amounts which they lost in connection with the project.

Appellees First Pennsylvania Mortgage Trust, Associated Advisers, Inc., Ridgeley P. Ware and Robert B. Welch filed preliminary objections to the complaint, and raised, *inter alia*, the objection that the lower court lacked *in personam* jurisdiction over them. Appellees Associated-East Mortgage Company and Associated Mortgage Company filed their own preliminary objections in which they made motions for Correction of Caption, to Strike Plaintiff's Complaint, and More Specific Pleading. In addition, Associated-East and Associated Mortgage raised the question of improper venue. The lower court in ruling on the preliminary objections considered all of the objections of appellees together, and concluded that the court lacked *in personam* jurisdiction over all appellees, except Norman Atherton.

With certain exceptions (not applicable here), a party waives all defenses and objections which he does not

present either by preliminary objection, answer or reply. Pa.R.C.P. 1032. Preliminary objections are the exclusive method of raising the questions of jurisdiction, *see Monaco v. Montgomery Cab Company*, 417 Pa. 135, 208 A.2d 252 (1965), and the failure to raise the question of *in personam* jurisdiction constitutes waiver of that defense, *Yentzer v. Taylor Wine Company, Inc.*, 409 Pa. 338, 186 A.2d 396 (1962); *Dorsch v. Jenkins*, 243 Pa.Super. 300, 365 A.2d 861 (1976). Venue and jurisdiction are two distinct and different concepts and an objection raising questions of improper venue should not be construed as raising questions of lack of jurisdiction. *See, Smith Estate*, 442 Pa. 249, 275 A.2d 323 (1971). In addition, the order of the lower court should not be construed as a *sua sponte* consideration of the question of *in personam* jurisdiction since waiver occurred, and thus the lower court was vested with jurisdiction, at the time of the filing of the preliminary objections. It is the question of subject matter jurisdiction which may be considered at anytime during the proceedings. *Dorsch v. Jenkins, supra.*

We find, therefore, that appellees Associated-East Mortgage Co., and Associated Mortgage Co. waived any objections to personal jurisdiction by not raising them in their preliminary objections, and that the lower court was in error in dismissing the complaint against them on the basis of lack of *in personam* jurisdiction.

The order of the lower court is reversed to the extent that it dismisses the complaint against Associated-East Mortgage Co. and Associated Mortgage Co. Since the lower court did not reach the merits of the preliminary objections of Associated-East and Associated Mortgage, this case is remanded for further proceedings consistent with this decision.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.