455 A.2d 175

**John LOCKMONIC, Appellant**

v.

**ROCHESTER & PITTSBURGH COAL COMPANY.**

Superior Court of Pennsylvania.

Argued April 27, 1982.

Filed Jan. 21, 1983.

312

Kenneth Behrend, Pittsburgh, for appellant.

Fred W. Dunton, Pittsburgh, for appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

BECK, Judge:

Appellant John Lockmonic appeals the order of the Court of Common Pleas, Allegheny County, which sustained without a hearing appellee Rochester and Pittsburgh Coal Company's (R. & P.) preliminary objections to venue in Allegheny County and which transferred the case to Indiana Coun-

ty. Our Court has jurisdiction by Pa.R. Appellate P. 311(c), which grants interlocutory appeal as of right from an order changing venue and transferring matter to another court of coordinate jurisdiction.

This suit began as an action on Lockmonic's part against R. & P. for wrongful discharge from employment. Lockmonic is also suing in defamation, deprivation of civil rights under 42 U.S.C. § 1983, and breach of implied contract. In his complaint, Lockmonic asserts that R. & P. is a Pennsylvania corporation, and that "Defendant has an office at 1166 South Negley Avenue, Pittsburgh, Pennsylvania...and the Oliver Building, Pittsburgh, Pennsylvania" both of which addresses are in Allegheny County. The defendant was successfully served at the Negley Avenue address, as well as its principal place of business in Indiana County. It was unsuccessfully served at the Oliver Building address, where the sheriff attempted to serve the person in charge of the United Eastern Coal Sales, "a subsidiary corporation" (R. 2).

Pa.R.C.P. 2179 states:

(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

Because R. & P. maintains its principal place of business in Indiana County, and Lockmonic worked and was terminated from his employment in Indiana County, Subsections (1), (3), and (4) of Rule 2179 do not apply. The question for the Court is whether Allegheny County is a proper situs for trial by virtue of 2179(a)(2), a county where the defendant regularly conducts business.

■ Nowhere in the complaint does Lockmonic explicitly assert that R. & P. regularly conducts business in Allegheny County. Appellant contends that the successful service on R. & P. at the Negley Avenue address constitutes strong evidence that the defendant does so (if not an admission of that fact). However, successful service is not proof that venue is proper by 2179(a)(2). The issue of which county within a state may entertain an action is a question of venue, and not a question of jurisdiction. *Hohlstein v. Hohlstein*, 223 Pa.Super. 348, 296 A.2d 886 (1972). Venue and jurisdiction are two separate and distinct concepts. *Encelewski v. Associated-East Mtg. Co.*, 262 Pa.Super. 205, 396 A.2d 717 (1978). Successful service does not establish that appellee regularly conducts business in Allegheny County in the face of R. & P.'s denial that it does any business in Allegheny County.

As the lower court correctly points out, Lockmonic has failed to establish any connection between United Eastern Coal Sales (United), the name of the corporation at the Oliver Building address, and R. & P. Lockmonic maintains, in his answer to R. & P.'s averments of fact, that the Oliver Building and Negley Avenue offices are sales offices of appellee, who has lease-hold interests there, office furniture and equipment, and automobiles. The purposes of these offices, he maintains, is for selling bituminous coal in Allegheny County and elsewhere in Pennsylvania.

■ We do not believe that Lockmonic's failure to state that R. & P. regularly conduct business in Allegheny County should preclude a finding that Allegheny County satisfies the venue requirements of 2179(a)(2). Pa.R.C.P. 126 states that rules should be liberally construed and "the court at every stage ... may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Appellant claims that he will have difficulty obtaining a fair trial in Indiana County because R. & P. is a dominant corporation there, employing 3000 persons and affecting half of the county's population through its economic activi-

ties. He claims that he has had difficulty obtaining legal counsel in Indiana County, and this his wife's emotional injury (relating to the cause of action) will be adversely affected by local publicity should the trial be held in Indiana County.

Appellee admits that "If the Plaintiff had made a proper averment in the Complaint in line with the argument that is now set forth, the Court below would have had a reason to have a further hearing or order depositions to determine the question relating to whether R. & P. regularly conducted business in Allegheny County" (Brief for R. & P., p. 4). We believe that such is the proper course despite the absence of formal compliance with the letter of Rule 2179(a)(2).

Appellee relies on *Craig v. W.J. Thiele & Sons*, 395 Pa. 129, 149 A.2d 35 (1959) where it was stated that 2179(a)(2) had no application because the complaint did not aver that the defendant corporation maintained its registered office or principal place of business or that it regularly conducted business in the county. This objection is easily answered. In *Craig*, 2179(a)(2) had no application because the question for the court related to (a)(4), the place where the cause of action occurred.

We do not believe that because Lockmonic indicated that R. & P. does business in Allegheny County, but failed to aver that the corporation regularly does business there, should prevent him from showing, on the merits, the nature and quality of that business. We also believe that Lockmonic should be given the opportunity to establish a connection between United and R. & P. We therefore reverse the order of the lower court sustaining appellee's preliminary objections and remand for an evidentiary hearing to determine (1) the relationship between United and R. & P., and (2) whether R. & P. regularly conducts business in Allegheny County.

Jurisdiction is relinquished.