557 A.2d 410

Beverly MISHER, Administratrix of the Estate of Martin Misher, Deceased,

v.

BO'S AUTO PARTS, INC. and Charles Hickey and Harleysville Insurance Company.

Appeal of HARLEYSVILLE INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Jan. 9, 1989.

Filed April 18, 1989.

Joseph H. Foster, Philadelphia, for appellant.

Ronald L. Wolf, Philadelphia, for Misher, appellee.

Before WIEAND, MONTEMURO and HOFFMAN, JJ.

WIEAND, Judge:

This appeal requires that we construe Pa.R.C.P. 3141(b) and determine when and under what circumstances a garnishee may exercise its option to proceed in the county to which a writ of attachment has been directed.

Martin Misher was killed on September 15, 1983 when the vehicle which he was operating was in an accident involving a vehicle owned by Bo's Auto Parts and driven by Charles Hickey, one of its employees in Lower Merion Township, Montgomery County. In a subsequent death action by the administratrix of Misher's estate, liability was admitted, and a jury awarded damages of $3,087,002.72. A remittitur was subsequently granted by the trial court; and after delay damages had been granted and adjustments made, judgment was entered in the amount of $2,303,982.80. The vehicle owned by Bo's Auto Parts was insured by Harleysville Insurance Company (Harleysville) under a policy having a liability limit of three hundred thousand ($300,000.00) dollars. This amount was paid on account of the judgment.

On November 20, 1987, an attachment execution was issued in Philadelphia County against Harleysville to recover the balance of the judgment because of Harleysville's alleged bad faith refusal to settle prior to trial. A writ of attachment was issued and was forwarded, together with a set of interrogatories, to the Sheriff of Montgomery County for service on Harleysville at its "home office" in Montgomery County. On January 4, 1988, Harleysville filed answers to the interrogatories in Philadelphia, the county from which the writ had been issued. Later, on January 21, 1988, Harleysville filed identical answers in Montgomery County, together with an election of optional venue in Montgomery County. Copies were forwarded to the court in Philadelphia County. On motion of the plaintiff-estate,

however, the court in Montgomery County struck Harleysville's election. The court held that an election had previously been made when Harleysville filed answers to interrogatories in Philadelphia County, from which the writ had issued. Having made that election, the court held, Harleysville could not subsequently change it. From the order striking its election of venue and returning the case to Philadelphia, Harleysville appealed.

"Venue" is the right of a party sued to have the action brought and heard in a particular judicial district. *Potteiger v. Fidelity–Philadelphia Trust Co.*, 424 Pa. 418, 421 n. 5, 227 A.2d 864, 868 n. 4 (1967); *Simpson v. Simpson*, 404 Pa. 247, 251, 172 A.2d 168, 171 (1961). Although a plaintiff, as a general rule, may choose the forum in which to institute suit, that right is not absolute. See: *Vogel v. National R.R. Passenger Corp.*, 370 Pa.Super. 315, 320, 536 A.2d 422, 425 (1988); *McReynolds v. Benner Twp.*, 118 Pa.Cmwlth. 215, 301, 544 A.2d 566, 567 (1988). In garnishment proceedings, the rule permits a garnishee in all cases to require attachment proceedings to be heard in the county to which the writ has been directed. Pa.R.C.P. 3141(b) provides as follows:

(b) When the writ is issued to another county, preliminary objections, proceedings for stay, or release of property from attachment, answers to interrogatories, or other matters relating to the attachment, may at the option of the garnishee be filed or taken by him in the county to which the writ is directed or from which it issued. If filed or taken in the county to which the writ is directed, copies thereof and any order of the court thereon shall also be forwarded to the prothonotary of the county in which the writ issued, and to the plaintiff and the defendant or their attorneys, and shall contain or have attached an election of optional venue in the garnishee county. A copy is forwarded within the meaning of this rule if it is sent in the manner provided by Rule 3140(c).

This rule provides that the garnishee's option to have the attachment heard and decided in the county to which the writ is directed must be exercised by filing "preliminary objections, proceedings for stay, or release of property from attachment, answers to interrogatories, or other matters relating to the attachment" in such county, and by forwarding a copy thereof, together with an election of venue, to the county from which the writ issued. If the garnishee does not wish to change venue and responds to a writ of attachment by filing his response in the county from which the writ issued, he necessarily elects thereby to have the attachment proceed in the county of issuance. Once the election has been made and the attachment has proceeded, the garnishee cannot at some future, indefinite time elect to remove the proceeding to the county to which the writ was directed.

■ This is the clear import of Pa.R.C.P. 3141(b). Because the words of the rule are clear and free from ambiguity, we will not disregard the letter of it under the pretext of pursuing the general principle that a garnishee shall have a choice of venue. See: Pa.R.C.P. 127(b). The right to object to venue is a personal privilege which may be waived so long as the court has jurisdiction to hear the matter before it. *McLain v. Arneytown Trucking Co.*, 370 Pa.Super. 520, 524, 536 A.2d 1388, 1389 (1988); *Wolf v. Weymers*, 285 Pa.Super. 361, 367, 427 A.2d 678, 680–681 (1981). See also: Pa.R.C.P. 3145(a) ("The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in a civil action."). Thus, the right to change venue conferred by Rule 3141(b) may be waived by a garnishee and will be deemed waived where a garnishee accedes to and accepts the venue selected at the time of the issuance of the writ.[1]

1. Because the question is not squarely before us we do not decide whether once venue has been established under Rule 3141(b), the garnishee may nonetheless avail himself of Rule 1006(d)(1) to effect a transfer of venue on grounds of forum non conveniens.

Appellant argues that Rule 3141(b) gives a garnishee an unfettered, nonwaivable, absolute right to elect venue in either county at any time, and that an election of venue in the county from which the writ has been issued cannot occur, regardless of the pleadings which may have been filed in that county, until the garnishee files a statement of election of venue. This argument is in direct conflict with the express language of the rule that the filing of an election is necessary only if the "optional venue" is to be laid in the county to which the writ has been directed. For us to hold that the rule allows the garnishee the "absolute and nonwaivable right" to elect venue at any time in the proceedings would be to interject a constant uncertainty as to where venue would ultimately lie. Such uncertainty would serve no useful purpose and surely could not have been the intent of the Supreme Court when it promulgated this rule. See: Pa.R.C.P. 127(a), 127(c)(6).

■ We hold, therefore, that in garnishment proceedings venue will lie in the county from which the writ of execution was issued unless the garnishee elects optional venue in the county to which the writ was directed by filing his first responsive pleading there and forwarding a copy thereof along with an election of optional venue to the county from which the writ of execution was issued.

■ In the instant case, the writ of execution and interrogatories were issued from Philadelphia County and were directed to Montgomery County. Appellant-garnishee elected to file its answers to the interrogatories, together with new matter, in Philadelphia County, the county from which the writ had issued. Appellant thereby elected to proceed in Philadelphia County and could not thereafter act ex parte to remove the proceedings to Montgomery County. The trial court acted properly in striking the garnishee's later attempt to alter its original election to proceed in the county from which the writ had issued.

Order affirmed.