# Gottlieb v. Smith

*Ira R. Mazer,* for plaintiff.
*Maurice A. Nernberg,* for defendants.

WETTICK, *J.,* November 16, 1995—Defendants have filed an appeal from my August 9, 1995 order of court discharging a writ of certiorari and reinstating judgments of District Justice Conroy. This opinion setting forth my reasons for ruling in this fashion is filed pursuant to Pa.R.A.P. 1925.

On February 8, 1995, Richard Gottlieb, D.M.D., instituted this action before District Justice Eileen M. Conroy by filing a civil complaint naming David E. Smith and Norma R. Smith as defendants. The complaint sought a judgment in the amount of $705.66. The complaint described plaintiff's claim as follows:

"Balance due for services rendered."

District Justice Conroy's magisterial district covers the Oakland section of the City of Pittsburgh. Defendants' address listed in the complaint is located outside of this magisterial district.

The complaint was filed by Ira R. Mazer, Esquire, who is identified as plaintiff's attorney with an address at Suite 209 Alstan Mall, Monroeville, PA 15146. The plaintiff's address listed in the complaint is c/o Abrams & Mazer, Esquires, Suite 209 Alstan Mall, Monroeville, PA 15146. This address is outside of the magisterial district of District Justice Conroy.

Defendants received copies of the complaint by certified mail on February 9, 1995. On February 15, 1995, Maurice A. Nernberg, Esquire, sent a letter to District Justice Conroy enclosing notices of intention to defend for both defendants. This letter advised District Justice Conroy that (1) Attorney Nernberg's office represents both defendants; (2) they intend to appear and defend; and (3) the action was initiated by a plaintiff who is located in Monroeville against defendants who are located in Squirrel Hill. The letter stated that:

"As I read Rule 302, your district does not cover Squirrel Hill. I believe that the appropriate office before whom this matter should have been brought is 05-2-29 or 05-2-35.

"I will appreciate your earliest response."

Apparently, District Justice Conroy never responded.

Neither defendants nor their counsel appeared at the hearing, and District Justice Conroy entered judgments against both defendants in the amount of $755.66. Defendants timely filed a praecipe for a writ of certiorari in which they raised the claim of improper venue. In their specification of errors, defendants allege that the district justice allowed the plaintiff to file a complaint in which no address or situs was referenced within the district justice's magisterial district, that objections to venue were raised by the February 15, 1995 letter from defendants' counsel, that District Justice Conroy failed to transfer the action to an appropriate district

or to dismiss the action for lack of venue, and that she entered a judgment against defendants who did not reside in or have contact with her district for a cause of action that did not arise within her district.

By a court order dated July 14, 1995, I ordered the parties to file affidavits in support of and in opposition to venue within 20 days. Plaintiff filed an affidavit in support of venue in which he stated that his business professional practice is located at 3347 Forbes Avenue, Pittsburgh, PA 15213 (an Oakland address within District Justice Conroy's magisterial district), and that on May 12, 1994, he provided professional services to David E. Smith at his 3347 Forbes Avenue address.

Defendants filed affidavits of Maurice A. Nernberg, Esquire, and Norma R. Smith. The affidavit of Mr. Nernberg averred that he had sent the February 15, 1995 letter which I previously described to District Justice Conroy, she never responded, he advised defendants that there was no need to attend the hearing, and he advised defendants that they would challenge any judgment rendered due to improper venue. The affidavit of Ms. Smith avers that at the time she received the complaint her husband was out of town, she knew nothing about the complaint except that it incorrectly stated that plaintiff had rendered services on her behalf, she forwarded the complaint to Mr. Nernberg, and he advised her that there was no need to attend the hearing because the complaint had been filed in the wrong location.

On August 9, 1995, I entered the following order of court:

"It appearing that the address on the complaint was identified as being the address of plaintiff's counsel and it appearing that defendants' counsel did not attempt to determine the location of plaintiff's office through

the telephone directory or by contacting plaintiff's counsel, it is hereby ordered that the writ of certiorari is discharged and that the judgment of District Justice Conroy is reinstated."

I entered the above order of court because under Pa.R.C.P.D.J. 302A an action against an individual may be brought in a magisterial district where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. The transaction or occurrence out of which the cause of action arose took place in District Justice Conroy's magisterial district because this is where the dental services were performed. Also, the cause of action arose in that magisterial district because the payment would have been due at plaintiff's place of business.

Defendant-wife cannot successfully challenge venue on the ground that she does not owe the money. In *Lucas Enterprises Inc. v. Paul C. Harman Company Inc.,* 273 Pa. Super. 422, 417 A.2d 720 (1980), the court held that Allegheny was the county in which the cause of action arose on the basis of the plaintiff's allegations that it was entitled to a finder's fee. The allegation of the failure to pay created venue at the place of business where the payment would have been due, *i.e.,* the place of business of the party claiming the breach. Consequently, plaintiff's claim against defendants for a balance due for services rendered creates venue in the magisterial district where the payment was due; venue is not defeated by a claim of either defendant that the money is not owed.

Defendants' concise statement of matters complained of on appeal raises two matters on behalf of both defendants and one matter solely on behalf of Norma R. Smith. The following is the first matter raised on behalf of both defendants:

"The complaint disclosed the plaintiff's address as 'Suite 209 Alstan Mall, Monroeville, PA 15146' and the defendant's address as '6526 Hamilton Avenue, Pittsburgh, PA 15206.' The action was filed in a magisterial district outside of both of those areas and there was no allegation contained in the complaint otherwise establishing venue. As the venue issue was raised before the district magistrate, who did not rule upon it, and, by certiorari, the court should not have allowed extrinsic evidence to support plaintiff's claim that venue was based on facts not of record."

Defendants appear to contend that the district justice's judgment is invalid because of the district justice's failure to rule on the venue issue. However, there is no provision within the Rules of Civil Procedure governing actions and proceedings before district justices allowing venue to be raised by a letter mailed to the district justice.[1] The rules governing district justice proceedings do not have any procedures for pre-hearing determinations. Consequently, the district justice had no obligation to address the venue issue unless defendants raised a venue objection at the hearing before the district justice. Obviously, defendants did not do so because they did not attend the hearing. Also because District Justice Conroy did not transfer the complaint pursuant to Rule 302H, it is even possible that she determined that venue was proper.

Under Pennsylvania case law, the absence of venue does not deprive the court of power to enter a judgment. 1 Standard Pennsylvania Practice 2d §2:56; *Encelewski v. Associated-East Mortgage Co.,* 262 Pa. Super. 205, 396 A.2d 717 (1978); *Kovatis v. Harrington,* 248 Pa.

---

1. The letter does not show that a copy was provided to counsel for plaintiff.

Super. 576, 375 A.2d 391 (1977) (a district justice has jurisdiction over a Pennsylvania resident who does not reside within his or her magisterial district). Since judgments entered by courts of record are valid even though the record does not establish venue, defendants are seeking to impose a higher standard for courts not of record. However, there is nothing within the Rules of Civil Procedure governing actions and proceedings before district justices or elsewhere to support such a position. In fact, since these rules governing district justice proceedings do not impose any requirement on the district justice to make a finding that there is venue and since the absence of venue can be raised in the common pleas court through the filing of a praecipe for a writ of certiorari, it would appear that these rules intend for a certiorari proceeding to be the vehicle through which a defendant who questions venue may develop an adequate factual record.[2]

Pa.R.C.P.D.J. 319B governs the situation in which the defendant does not appear at the hearing. It provides that the district justice shall enter judgment for the plaintiff or continue the case for cause. There is no requirement of a venue determination. The rules require only that the record establish that there has been service at or before the time of the hearing. Pa.R.C.P.D.J. 314.

Defendants appear to be contending that a lack of venue is established as a matter of law unless the complaint sets forth facts which establish venue. If defendants are correct, large numbers of district justice judgments entered pursuant to complaints filed in a magisterial district having proper venue are going to be successfully challenged in certiorari proceedings be-

---

2. Under Pa.R.C.P.D.J. 314C, a defendant's appearance is not a waiver of a defect in venue.

cause the prescribed short-form complaint used in district justice proceedings (frequently filed by a layperson) is unlikely to contain facts establishing venue. While defendants in this case point out that the addresses listed in the complaint for plaintiff and for defendants are in magisterial districts outside of the magisterial district of District Justice Conroy, the complaint would not have contained facts establishing venue even if plaintiff's address in the complaint was plaintiff's office address that is within District Justice Conroy's magisterial district. There still would not be venue unless the cause of action arose or a transaction or occurrence took place out of which the cause of action arose within District Justice Conroy's magisterial district. Rule 302A. Consequently, a prima facie showing of venue would require that the complaint state that the services were provided at the address of plaintiff's office and that payments were due at that address.

Defendants also contend that I should not have allowed extrinsic evidence to support plaintiff's claim that venue was proper. However, defendants have the burden of proving improper venue. 3 Goodrich-Amram 2d §1028(c):6; *Liggitt v. Liggitt,* 253 Pa. Super. 126, 130-32, 384 A.2d 1261, 1263-64 (1978). If I am correct that the district justice record need not include a finding that venue has been established coupled with the facts in support of this finding, defendants could never prevail in certiorari proceedings unless they were afforded the opportunity to present evidence in the common pleas court to support their claim of a lack of venue.

Ordinarily, the right to object to venue is waived when it is not raised. *Misher v. Bo's Auto Parts Inc.,* 383 Pa. Super. 592, 557 A.2d 410 (1989). However, since there is no procedure in the rules governing proceedings before a district justice for filing legal papers

44

raising venue or for resolving factual issues concerning venue and since Rule 314C provides that venue is not waived through the appearance of the defendant in the district justice proceedings, the rules governing district justice proceedings intend to give a defendant raising the lack of venue in a praecipe for a writ of certiorari the same opportunity to challenge the venue of the district justice in the common pleas court that is afforded a defendant in a civil action instituted in the common pleas court to challenge that court's venue. See Pa.R.C.P. 1028(c)(2); *Hamre v. Resnick,* 337 Pa. Super. 119, 486 A.2d 510 (1984).

The second matter raised in defendants' statement of the matters complained of on appeal is that:

"The brief of Gottlieb, opposing the grant of the writ, falsely stated that the address on the complaint was c/o Richard Gottlieb, when no such designation was contained, yet, the court so concluded in its decision."

I do not understand this second matter complained of in the appeal. Plaintiff's address is listed in the complaint as follows:

"Richard Gottlieb, D.M.D.
c/o Abrams & Mazer, Esquires
Suite 209 Alstan Mall
Monroeville, PA 15146"

My court order stated that the address on the complaint was identified as being the address of plaintiff's counsel. Nevertheless, for the reasons that I previously discussed, it does not matter whether the address listed for plaintiff was an address within or outside of the magisterial district.

The following matter is raised solely on behalf of Ms. Smith.

"Norma Smith's affidavit was uncontradicted that no services were rendered her either within or without the magisterial district. Therefore, venue could not be established against Norma Smith. Gottlieb did not allege that he rendered services to Norma Smith in the magisterial district."

There is venue where the cause of action arose. Rule 302A(2). I previously addressed this issue at pages 39-40 of this opinion. *Lucas Enterprises Inc. v. Paul C. Harman Company Inc., supra,* holds that payments for services allegedly rendered will be due at the office of the person who performed the services unless there is an agreement to the contrary. Since plaintiff has raised a claim against both defendants for services provided to defendant-husband at plaintiff's office located within District Justice Conroy's magisterial district, under the *Lucas Enterprises* opinion, the cause of action against both defendants arose in District Justice Conroy's magisterial district.

In summary, since venue is solely a creature of rules of civil procedure (as opposed to jurisdiction which has a constitutional component), the only issue is whether the Rules of Civil Procedure governing actions and proceedings before district justices should be construed in the fashion which defendants propose. District justice proceedings are intended to cheaply and promptly resolve disputes; litigants are frequently unrepresented; and many district justices are not attorneys. Consequently, the Rules of Civil Procedure should not be construed to render invalid any judgment entered after proper service by a district justice who has venue to decide the matter.

District Justice Conroy's court was a proper forum to decide plaintiff's claim that both defendants were liable for dental services plaintiff allegedly provided

46

to Mr. Smith at plaintiff's office. If defendants were dissatisfied with District Justice Conroy's decision, their recourse was to file an appeal. The purpose for district justice proceedings would be thwarted if the plaintiff was required to relitigate this dispute before District Justice Conroy because she had not made a record establishing that venue was proper.

For these reasons, I entered my August 9, 1995 order of court.